Beall vs. the State.

No. 68.—William A. Beall, Treasurer, &c. plaintiff in error, vs. The State, ex rel. C. B. Strange, defendant in error.

[1.] When a public trust or duty is required to be done by a *definite* number of persons, a *majority* of that definite number may act: as, where five commissioners were appointed by the Inferior Court of Marion County, to assess the depreciation of property in the town of Tazewell, caused by the removal of the county site therefrom : *Held*, that three commissioners being a majority of the five, were competent to act and make the assessment.

[2.] When a special jurisdiction is conferred by the Legislature on commissioners, for the purpose of ascertaining certain facts, which they are required to certify, and they do so certify, their certificate is the evidence of their judgment, and is as conclusive as any other judgment upon the particular question submitted to them—it appearing upon the face of such certificate, that they acted within the jurisdiction conferred upon them by the Statute.

[3.] When the Legislature declares, that a certificate of certain commissioners, certifying that a particular sum of money is due an individual in consequence of the depreciation of his property by the removal of a county site, shall become a debt against the County Treasurer of such County, no order of the Inferior Court is necessary to authorize the County Treasurer to pay it.

Mandamus, in Marion Superior Court.  Tried before Judge Alexander, September Term, 1850.

In 1847, the General Assembly passed an Act (among other things) to remove the county site of the County of Marion, from the town of Tazewell, to provide for the location of a new site, &c.  By the 7th section thereof it was enacted, " That the Justices of the Inferior Court of Marion County shall appoint five other commissioners, whose duty it shall be to ascertain the value of the town property in the town of Tazewell, (the same to be fixed at the amount the owners thereof placed upon it in the returns of their taxable property for the year 1847,) and then assess the amount of depreciation of said town property, because of the removal of said county site ; and the said commissioners shall execute to the owners of said town property, a certificate, declaring the damage thus sustained, which said certificate shall become a debt against the County Treasury of said County ; and

such certificate shall be received in payment for any contract for the purchase of any lot or lots in the new county site," &c. The Act also provided, that these certificates should be *first* paid out of the proceeds of an extra tax authorized by the Act.

Charner B. Strange applied for a mandamus against *Beall*, the County Treasurer, alleging that three of the commissioners appointed under this Act, had assessed the damage on property owned by him in the town of Tazewell, at $1782 88, and had executed and delivered to him a certificate, as required by the Act; that there were funds in the Treasury liable for the payment of the certificate, and that the Treasurer refused to pay the same.

In response to the mandamus *nisi* granted by the Court, Beall returned, among other grounds, why the mandamus should not be made absolute—

1st. That the Act of the Legislature did not authorize *three* commissioners to act in the premises, without the concurrence or presence of the whole number authorized to be appointed by said Court.

2d. That respondent had heard and believed, that the three commissioners aforesaid who signed the certificate, convened together, determined and assessed the damage, and gave the certificate without the knowledge, consent or assent of the other two commissioners.

3d. That the certificate given to Strange does not describe the property claimed by said Strange, and upon which damages were assessed.

And because the respondent had been informed and believed, that the commissioners did not require said Strange to exhibit any title whatever to said property; nor did they inquire into the title to said property, previous to or at the time they made and delivered said certificate.

And lastly, because the Inferior Court of said County had passed no order authorizing the respondent to pay said claim out of any funds in his hands belonging to said County.

Upon demurrer to the sufficiency of these grounds, the Court

sustained the demurrer, and held that the same were insufficient as answers to the mandamus *nisi.*

Upon this decision error has been assigned in this Court.

BENNING, for plaintiff in error.

B. HILL and WORRELL, for defendant.

*By the Court.*—WARNER J. delivering the opinion.

[1.] The first ground of error assigned to the judgment of the Court below is, that only three of the commissioners appointed in pursuance of the Act of the Legislature, assessed the plaintiff's damages, and granted the certificate to him.   The 7th section of the Act authorizes the Justices of the Inferior Court of Marion County, to appoint five commissioners, whose duty it shall be to ascertain the value of the town property in the town of Tazewell, and then to assess the amount of depreciation of said town property, because of the removal of the county site therefrom.   The Act also provides, the said commissioners shall execute to the owners of said town property, a certificate, declaring the damage thus sustained ; which said certificate shall become a *debt* against the County Treasury of said County.   The Act having appointed a *definite* number of commissioners to assess the damages and grant the certificate, was it competent for three of the commissioners to act? or was it indispensably necessary that the whole number of the commissioners should have been present?

The general rule in regard to corporations is, where an act is required to be done by a *definite* number of persons, that a *majority* of that definite number may act.   *Angel & Ames on Corporations,* 397.   2 *Kent's Com.* 293.   *Ex parte Wilcox,* 7 *Cowen's Rep.* 409.

We understand the general rule of law to be, that when a *public* trust or duty is to be executed by a *definite* number of persons, such public trust or duty may be executed by a *majority* of that definite number.   *Blacket vs. Blitzard,* 17 *Com. Law Rep.* 509. Here, five commissioners were appointed to make the assess-

ment, and three of them having made it, being a *majority* of the five, the assessment, in our judgment, was legally made by them, and, therefore, affirm the judgment of the Court below, as to that assignment of error.

The second ground of error taken is, that the three commissioners who made the assessment, did so without the knowledge or consent of the other two commissioners.

This objection is necessarily embraced in the first ground of error; for we have just ruled, that it was competent for three of the commissioners, being a *majority* of the five appointed, to meet together and make the assessment; and however desirable it may have been for all the commissioners to have had notice, and been present when the assessment was made, yet, in the view which we have taken of the question, such notice and presence was not indispensably necessary to the validity of the certificate of assessment executed by the *majority* of the commissioners.

[2.] The third and fourth grounds of error may be considered together. The respondent (the County Treasurer) insists, that the certificate given to the plaintiff, (Strange,) does not describe the property claimed by him, upon which the damages were assessed; and he also insists, that the commissioners did not require the plaintiff to exhibit any *title* whatever to the property on which the assessment was made; nor did they inquire into the title to said property. The answer to these objections is, that the Legislature thought proper to confer upon the commissioners the power and authority to assess the amount of depreciation of town property in the town of Tazewell, caused by the removal of the county site, and to execute to the *owners* thereof a certificate, declaring the damage sustained, which the commissioners have done, under oath, as prescribed by the Statute. It appears from the *face* of the certificate, that the commissioners have acted in the matter, as required by the Act conferring the jurisdiction upon them, and the certificate is the evidence of their judgment, which is conclusive upon the County Treasurer, who cannot go behind that judgment, and insist the commissioners did not have sufficient evidence before them, as to the plaintiff's title to the property, to authorize them to exe-

cute to him a certificate. The commissioners state in their certificate, " That after being duly sworn, they did proceed to ascertain the value of the property in said town of Tazewell, and to assess the depreciation of the same, by reason of the removal of said county site, when *it was ascertained that Charner B. Strange owned town property in said town of Tazewell, of the value of* $3,137 87, *and that the same was depreciated fifty-seven per cent. by reason of said removal.*" This judgment of the commissioners, (having acted within the special jurisdiction conferred upon them by the Statute, as appears on the face of the certificate,) is as conclusive in regard to the facts found by them as any other judgment, and it does not lie in the mouth of the County Treasurer to question it, when called on to pay the amount of the assessment out of the County Treasury, for the Act expressly declares, the certificate shall become *a debt* against the County Treasury of Marion County.

[3.] The fifth and last ground of error assigned is, that the Inferior Court of Marion County had passed no order authorizing the respondent to pay the plaintiff's demand out of any funds in his hands belonging to said County.

The 12th section of the Act authorizes an extra tax to be levied, not exceeding seventy-five per cent. to be applied in the payment of damages sustained by the owners of property in Tazewell, when ascertained, as before mentioned, by the commissioners. When the plaintiff obtained his certificate from the commissioners of the amount his property had been depreciated, such certificate, certifying the amount due him in consequence of such depreciation, became, by the express provisions of the Act, a *debt against the County Treasury* of Marion County, and the County Treasurer was bound to pay it without an order of the Inferior Court—the sovereign authority of the State commands him to pay it.

Let the judgment of the Court below be affirmed.