### DAUGHARTY *v.* DRAWDY *et al.*

HOLDEN, J.   1. The plaintiffs filed their equitable petition to enjoin the defendant from cutting the timber on certain land, and to recover damages and the possession of such land, attaching to the petition an abstract of title.   In this abstract, and upon the trial of the case in October, 1908, the plaintiffs relied, as one of the links in their chain of title, upon a deed dated May 11, 1878, made by an executor.   Upon the trial it appeared that the testator in his will gave his executors power to sell, publicly or privately, certain lands, including the tract undertaken to be conveyed in the executor's deed referred to, and that another

besides the maker of the deed qualified as executor. *Held:* (*a*) Under the power in the will authorizing the executors of the testator to sell at private sale, both of the executors should have joined in the deed made under such power. *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156 (57 S. E. 359); *Hosch Lumber Co.* v. *Weeks,* 123 *Ga.* 336 (51 S. E. 439); *Dowdy* v. *McArthur,* 94 *Ga.* 577 (21 S. E. 148); Civil Code, § 3317. (*b*) Where a deed by one of such executors was offered in evidence, it was error, over appropriate and timely objections, to admit it in evidence as conveying title to the property described therein.

2. The plaintiffs introduced in evidence a deed purporting to have been executed more than thirty years prior to the time of trial, and the court charged the jury in reference thereto as follows: "I charge you that this deed that purports to have been made from Smith to White, and being what is called an ancient document, being over thirty years old, the presumption of law is that it is genuine, and when that deed is attacked as a forgery the burden is upon the party attacking it to satisfy you that it is a forged instrument. If they have carried that burden and satisfied you that it is a forgery, then you would find in favor of the defendant Daugharty in this case." *Held,* (*a*) As the defendant, who contended and offered testimony to show that the alleged deed was a forgery, introduced evidence that the alleged deed was not thirty years old, it was error to instruct the jury in the words: "being what is called an ancient document and being over thirty years old." (*b*) The fact that a deed is admitted in evidence under the Civil Code, § 3610, does not prevent the jury from finding that it is a forgery from the face of the deed and the entries thereon, without resort to aliunde evidence. *Pridgen* v. *Green,* 80 *Ga.* 737 (7 S. E. 97); 1 Enc. Ev. 884, 885.

3. Defendant sued out interrogatories for non-resident witnesses to obtain their testimony to be used upon the final trial of an application for injunction and other relief, and attached thereto affidavits made by the witnesses to be used upon the hearing before the presiding judge for an interlocutory injunction. In such interrogatories questions were propounded to the witnesses wherein they were asked if they made such affidavits and if the statements therein contained were true, to which questions the witnesses answered in the affirmative. When the interrogatories were submitted to opposing counsel, they made thereon and signed, as counsel for the plaintiffs, objections that "the attached affidavits can not be rendered admissible in evidence upon the trial of said case by proving the execution of same and that the statements made therein are true," and "all questions propounded to either of said witnesses based upon the statements made in said affidavits are likewise illegal, irrelevant, and inadmissible in evidence." *Held,* that the court upon the trial committed no error in refusing to allow the answers to such questions to be admitted in evidence for the defendant. *Richards* v. *Golden,* 20 Fed. Cases, No. 11782; 4 Enc. Ev. 363; 1 Wigmore on Evidence, § 787.

*Judgment reversed. All the Justices concur.*

*June 23, 1910.*

Equitable petition. Before Judge Parker. Clinch superior court. August 21, 1909.

*Wilson, Bennett & Lambdin,* for plaintiff in error.
*R. G. Dickerson* and *J. L. Sweat,* contra.

2. Under the ruling made in the foregoing headnote, the court did not err in sustaining a general demurrer to the plaintiffs' petition.

JUNE 23, 1910.

