22515. SIMPSON et al. v. ANDERSON et al., Executors.

CANDLER, Justice. Elizabeth Simpson, a resident of Fulton County, Georgia, executed her will on September 19, 1958, and died on January 26, 1963. By the terms of her will she disposed of a rather large estate. Her will was probated in solemn form and Williard A. Anderson and Mrs. Lula B. Simms qualified as executor and executrix respectively of her estate.

156

Item 14 of her will is as follows: "I hereby will, devise and bequeath all the rest and residue of my estate, whether real, personal or mixed and wherever located, to William M. Everett, Jr., my personal attorney, to be distributed by him to or among Child Welfare Organizations such as Pine Mountain Children's Home or Hillside Cottages, Inc., after he has thoroughly investigated the comparative needs of such worthy organizations. His judgment shall be final in this matter." On January 20, 1963, Williard A. Anderson and Mrs. Lula B. Simms, as the executor and executrix of Mrs. Simpson's estate, filed a petition in the Superior Court of Fulton County in which they prayed for a construction of Item 14 of her will and for direction respecting disposition of the residue of her estate. As defendants to that proceeding, they named all of the heirs at law of Mrs. Simpson. Their petition alleges that William M. Everett, Jr. died in 1960 and that they are uncertain whether the testatrix, Mrs. Simpson, intended if he died before she did for them to distribute the residue of her estate among her heirs at law pursuant to the Georgia law of descent and distribution or whether she intended for the residue of her estate to be distributed by the courts under § 113-815 of the Code of Georgia. The defendants demurred generally to the petition and moved to strike it on the grounds that it fails to set forth a cause of action against them; that it shows on its face that the choice of the recipient or recipients of the residuary estate was entirely discretionary with William M. Everett, Jr., and that it was strictly a personal power and such trust terminated when he died. By one judgment the demurrer was overruled and an order was granted which (1) Appointed John Maloof trustee to carry out the provisions of Item 14 of the will of Mrs. Simpson and directed him, as such trustee to select worthy child welfare organizations to whom the residue of Mrs. Simpson's estate should be paid and submit the list to the court for approval along with the amount to be distributed to each such organization selected by him prior to any distribution of the trust estate; (2) He directed the executor and executrix under the will of Mrs. Simpson to pay to the trustee named by him the residue of the estate of Mrs. Simpson after paying all debts, taxes, expenses of administration and specific bequests made by her will; and (4) That this proceeding for construction and direction be kept open for any and all other and further orders which may be neces-

sary or proper in connection with the further administration of Mrs. Simpson's estate. The exception is to that judgment. *Held:*

*Code* § 108-302 declares: "A trust shall never fail for the want of a trustee." And *Code* § 108-204 declares: "A charity once inaugurated is always subject to the supervision and direction of a court of equity, to render effectual its purpose and object." In the instant case the bequest of the residue of Mrs. Simpson's estate with a mandatory requirement that the trustee distribute the amount received by him to child welfare organizations, such as Pine Mountain Children's Home or Hillside Cottages, Inc., created a charitable trust and her will contains no language which would defeat the trust created by her if Mr. Everett should die before she did or for any other reason should fail or refuse to execute the trust. In *Collins v. Collins,* 157 Ga. 85 (2) (121 SE 218) in dealing with a trust estate, this court quoted with approval the following from 1 Perry on Trusts, § 249: "In all cases where parties have an *imperative power or discretion* given to them, and they die in the testator's lifetime, or decline the trust or office, or disagree as to the execution of it, or do not execute it before their death, or if from any other circumstances the exercise of the power by the party intrusted with it becomes impossible, the court will imply a trust, and will put itself in the place of the trustee, and will exercise the power by the most equitable rule." In *Prince v. Barrow,* 120 Ga. 810 (3) (48 SE 412), it was said: "A court of equity will not allow the trust to be destroyed by the refusal of the person nominated as trustee to accept the trust, or his declination or failure to execute it, if, by any possibility, it is capable of execution by the court." But the relief granted by a court of equity in dealing with trust estates will always be so moulded and framed as to render the trust effectual and secure the best interest of all parties. *Code* § 108-118. In *Beckwith v. Rector &c. of St. Philip's Parish,* 69 Ga. 564 (2) it was said: "The rules governing the establishment and administration of charitable trusts are different from those applicable to private trusts, in giving effect to the intention of the donor and in establishing the charity. In private trusts, if the *cestuis que trust* are so uncertain or so incapable of taking, that they cannot be identified or cannot by legal or equitable proceedings claim the benefit conferred on them, the gift will fail and revert to

158 the donor or his heirs. But if a gift is made for a public charitable purpose, it is immaterial that the trustee is uncertain or incapable of taking, or that the objects of the charity are uncertain and indefinite. It will, nevertheless, be sustained. Courts look with special favor upon such trusts." Applying these principles of law to the case at bar, we think and hold that the judgment rendered by the trial judge is correct.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 9, 1964—DECIDED JULY 9, 1964.

*Sam G. Dettelbach,* for plaintiffs in error.
*Charles J. Alford, Jr.,* contra.