Pridgen vs. Green et al.

PRIDGEN vs. GREEN et al.

1. A deed which appeared, from its date, to be over thirty years old, having upon it an affidavit for probate of one of the subscribing witnesses, made shortly after the deed purported to be executed, which came from the proper custody and which appeared on its face to be genuine, was properly admitted in evidence.

(a) While it is true that possession of the land under the deed was not proved, it was admitted by both parties that the lot of land in controversy was a wild lot and was not occupied by any one until shortly before this suit was brought.

2. If it be necessary to prove the age of a deed by *aliunde* evidence, the affidavit of the witness made a few months after the deed purported to be executed and attested by a justice of peace, whose official signature needs no proof, was sufficient *aliunde* evidence to show its age to warrant its admission in evidence, especially as the deed appeared on its face to be free from suspicion, and as it came from the proper custody.

3. When a deed is offered in evidence as an ancient document, it is the right of the court and jury to inspect the whole paper, especially all the entries upon it which purport to be over thirty years

v 80-47

old. It was not error, therefore, to permit the jury to consider, and counsel to comment upon, a certificate of registration upon the deed appearing to have been made more than thirty years before the trial, although the certificate appeared to have been made by the clerk of the superior court of a county other than that in which the land lay.

4. Where the grantee of a lot of land sold it and made a deed thereto before the grant to him from the State issued, and after the grant issued sold the land to another person, making a deed to the latter, the first deed takes precedence of the second.

5. Because a deed is thirty years old, and for that reason admissible in evidence, it does not follow that the jury may not look to the face of the deed and the entries thereon and determine that it was a forgery, without resorting to *aliunde* evidence.

July 12, 1888.

Deeds. Evidence. Ancient documents. Grants. Priorities. Charge of court. Before Judge Bower. Worth superior court. October term, 1887.

Reported in the decision.

D. A. Vason, by J. H. Lumpkin, for plaintiff in error.

Wooten & Wooten, by H. Morgan, *contra*.

Simmons, Justice.

Theodosia Green brought her action of ejectment against Albert Pridgen, in Worth superior court, at October term, 1884. The trial was had at the October term, 1887. After hearing the evidence in the case and the charge of the court, the jury returned a verdict for the plaintiff. The defendant filed his bill of exceptions to certain rulings of the court during the progress of the trial, and to the charge of the court, alleging error therein.

The plaintiff introduced a grant from the State to the premises in dispute, to John Deshazo, dated May 1st, 1836. She then offered a deed from Deshazo to Kimball, dated March 5th, 1836, made in McIntosh county, and reciting that the grantor was a citizen of that county. An affida-

vit of forgery was filed by the defendant to this deed; and it was agreed between the parties that they would waive a separate trial on this affidavit of forgery and let the jury consider the question of forgery along with the merits of the case. This deed was offered as an ancient document. It was objected to by the defendant on the ground that the foundation had not been fully proved in compliance with the code; that a *prima facie* case must be made of its existence for thirty years by other proof than the deed itself; that the certificate of registration by the clerk of Jackson superior court in 1838 was not proved to be the act of the clerk, and was no part of said deed. The court overruled the objections, and stated that the certificate of the clerk was not evidence, but he allowed it to go to the jury as a circumstance, because it was in the deed and could not be detached.

1. We think the court was right in holding that this deed was admissible in evidence. It was over thirty years old, and had thereon the affidavit for probate of one of the witnesses, made shortly after the deed purported to be executed; it came from the proper custody, and appeared to the court on its face to be genuine. It is true that possession of the land under the deed was not proved; but even if it be the general rule that possession of the land under the deed must be proved, that rule would not apply in this case; because it was admitted by both parties that this lot of land was a wild lot and was never occupied by any one until shortly before this suit was brought. *Thursby vs. Myers*, 57 *Ga.* 157.

2. Objection was also made to the admissibility of the deed because the plaintiff did not prove *aliunde* that the deed was over thirty years old. It is unnecessary to decide in this case whether that was incumbent on the plaintiff or not, as this deed shows on its face that an affidavit for probate was made by a witness thereto, which affidavit was attested by a justice of the peace, an officer authorized to attest affidavits of this sort. Admitting for

the sake of argument that it is necessary for the plaintiffs to prove the age of the deed by *aliunde* evidence, we think the affidavit made by the witness a few months after the deed was made, and attested by the justice of the peace, whose official signature under our law needs no proof, was sufficient to show its age, outside of the deed itself, especially as the deed appeared on its face to be free from suspicion, and having come from the proper custody. Code, §2700; *Thursby vs. Myers*, 57 *Ga.* 157; *Hill vs. Nisbet*, 58 *Ga.* 586; *Gardner vs. Granniss*, 57 *Ga.* 540; *Doe vs. Roe*, 31 *Ga.* 593; *The adm'rs of McCleskey vs. Leadbetter*, 1 *Ga.* 551.

3. It appears that on this deed there was a certificate of registration made by the clerk of the superior court of Jackson county in 1838. Counsel for the defendant objected to this certificate's going before the jury, because the land conveyed in the deed lay in Worth county and not in Jackson county, and that therefore the clerk of Jackson county had no right to record this deed in Jackson county, and hence his certificate of registration was unauthorized by law. We are inclined to think that this certificate itself, being over thirty years of age, might go before the jury and be considered by them as a circumstance, both on the question of the antiquity of the deed and of its genuineness. We think that when a deed is offered in evidence as an ancient document, it is the right of the court and jury to inspect the whole paper, especially all the entries on the paper which purport to be over thirty years old. The court, therefore, did not err in allowing counsel to comment upon this certificate of the clerk, and the jury to take the same into consideration.

4. The next error assigned is the refusal of the court to give the following request in charge: "If a deed from John Deshazo was made before the grant was issued, and it appears that the second deed from Deshazo to Page was made after the grant issued, and without notice of the first deed, then the second deed is to be preferred." There was

no error in the refusal of the court to give this in charge to the jury. The contrary of this proposition has been so well-settled by this court, that it is unnecessary for us to discuss it. This court has held in several cases that, where the grantee of a lot of land sold the same and made a deed thereto before the grant issued from the State, and then, after the grant issued, sold the land to another person and made a deed to the latter, the first deed took precedence of the second. See *Henderson vs. Hackney*, 23 *Ga.* 383; *Dudley & Hardman vs. Bradshaw*, 29 *Ga.* 17; *Thursby vs. Myers*, 57 *Ga.* 158.

5. The next exception of the plaintiff in error is to the whole charge of the court, certain specifications of the error therein being set out in the record. We think this exception is well-taken. It seems to us, from the reading of the charge, that the court invaded the province of the jury. In fact, he left them no discretion as to the verdict they should find, going as far in his charge as to inform them that if the defendant had not introduced evidence to show that this deed was a forgery, and they should find for the defendant, he would set their verdict aside. It appears from the record that the defendant did not seek by evidence other than the deed itself, to show that it was a forgery. He relied on the recitals in the deed and its general appearance to convince the jury that it was a forgery. The court by its charge did not allow the jury to consider this theory of the defendant. It does not follow, in our opinion, that because the deed was thirty years old, and for that reason admissible as evidence before the jury, the jury could not look to the face of the deed and the entries thereon, and determine that it was a forgery, without resorting to *aliunde* evidence. Not being satisfied with the charge of the court in this case, we grant a new trial.

Judgment reversed.