# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## OCTOBER TERM, 1909.

---

### HARRIS *v.* SMITH.

The evidence in this case demanding a finding that the plaintiff was en-
titled to recover the property in .controversy, the court did not err in
directing a verdict accordingly.

Argued May 5,—Decided October 12, 1909.

Complaint for land. Before Judge Whipple. Irwin superior
court. September 8, 1908.

*J. T. Hill* and *J. J. Walker,* for plaintiff in error.

*Haygood & Cutts* and *Rogers & Heath,* contra.

BECK, J. Maggie B. Smith brought complaint for land against
W. M. Harris. It was agreed between the plaintiff and defendant
that the title to the property in controversy was shown to have
been at one time in J. A. J. Henderson and the Savannah Building
Company. The plaintiff introduced a deed from Henderson and
the Building Company, conveying this property to N. T. Creel,
dated November 13, 1897, and recorded July 12, 1898; also a deed
to the same property from N. T. Creel and Ida Creel (his wife) to
the plaintiff, dated August 6, 1905, and duly recorded November
29, 1907. The defendant's chain of title begins with a tax deed
from D. A. McInnis, sheriff, with a tax fi. fa. against Mrs. N. T.
Creel, issued by D. J. Hogan, tax-collector of Irwin county, at-
tached, dated March 1, 1904; said deed being executed to L. L.

Harper. There were other conveyances by intermediate grantors from L. L. Harper to the defendant. At the conclusion of the evidence for both parties, upon motion the court directed a verdict for the plaintiff. One of the grounds upon which the motion was based is as follows: "Because the fi. fa. is void under which the property was sold, in that it fails to contain any of the jurisdictional recitals necessary under the law to make it valid."

He who complains of error must show error. The tax fi. fa., which was the foundation of a deed constituting an essential link in the defendant's chain of title, does not appear in the brief of evidence. If, as alleged in the motion of the plaintiff to direct a verdict in her favor, the fi. fa. did not contain the necessary jurisdictional recitals to make it valid, then the deed based upon the same was void. "Since a tax execution is not founded upon the judgment of any court, but is purely a summary process, it is essential to the validity of such execution that the necessary jurisdictional facts authorizing its issue should appear upon its face." *Equitable Building & Loan Association* v. *State,* 115 *Ga.* 746 (42 S. E. 87). When the plaintiff in error, by exception to the order of the court directing a verdict in favor of the plaintiff, undertook to show error in the court's ruling, he should have included in his brief of the evidence the tax fi. fa., alleged in the motion upon which the court directed a verdict to be fatally defective. The ruling of the court below is presumed to be correct, unless it is shown to be erroneous. And inasmuch as the record contains nothing to show that the tax fi. fa. upon which the sheriff's deed was based was otherwise than as described in the motion of plaintiff's counsel, we are not authorized to hold that the court committed error in ruling as he did upon this question. If the tax fi. fa. was invalid and void, the sale made by virtue of that fi. fa. was also void, and the sheriff's deed executed in pursuance of the sale was without effect. That being true, the plaintiff in this case having showed complete title in herself, and the chain of title relied upon by the defendant having failed because of the failure of an essential link therein, the court properly directed the verdict complained of.

*Judgment affirmed. All the Justices concur.*