DURHAM COAL & COKE COMPANY *v.* WINGFIELD, administratrix.

LUMPKIN, J. 1. A deed conveyed tracts and parcels of land described as follows: "Land lots numbers 260, 261, 266, 274, 297, 315, 316, 317, all of the tenth district and fourth section of originally Cherokee, now Dade and Walker counties, and State of Georgia; also land lot No. 6, eleventh district and fourth section, of said Dade county; also 80 acres lot No. 9. Dade, 11th district and 4th section, said 80 acres being that part of said lot bought by J. T. Burkhalter of David Ellison, and embracing the northwest corner of said lot, and 20 acres of the mineral on said lot in the northwest corner, the mineral of the balance of said lot having been reserved in the deed made by Ellison to Burkhalter; also the northwest

part of land lot No. 279 in the tenth district and fourth section of originally Cherokee and now Dade and Walker counties, Georgia, approximating one half of said lot, being all of the lot not conveyed by said Burkhalter to one Eaves; also land lots Nos. 280, 283, 296, 318, 319, in the tenth district fourth section of originally Cherokee, now Dade and Walker counties, Ga." Land lot No. 260 adjoined lot No. 261 on the west. No. 266 was separated from them by several intervening land lots. No. 274 had one corner in common with No. 266. Nos. 316 and 317 were separated from the lots mentioned before them, but lot No. 317 was west of No. 316, and lot No. 318 (which was mentioned in the last division of the description) adjoined lot No. 317 on the west. Taken as a whole, the deed did not describe a single contiguous body of land, nor did all of the land lots described in it adjoin each other. *Held,* that where such a description as a whole did not include a single body of land, or a number of land lots which by their contiguity in substance formed a single tract, it did not meet the requirement of the Civil Code (1910), § 4166, which declares: "Constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such a case the law construes the possession to extend to the boundary of the tract."

(a) The description grouped several lots together by numbers; then proceeded, "also" another distinct lot and a fraction of still another; then, "also" a fraction of another lot; and finally, "also" certain other lots described by numbers. *Held,* that, as the description as a whole did not cover or purport to cover a single tract of land, this court will not select land lots Nos. 315, 316, 317, and 318 from different divisions of the description, and treat them, or them and some of the other lots mentioned, as constituting a tract of land comprising contiguous land lots, so as to apply the rule of constructive possession to them, while treating other lots in the general description as forming no part of a contiguous tract.

(b) The ruling here made does not conflict with that in *Parker* v. *Jones,* 57 *Ga.* 204, where it was held that possession under a deed, with actual possession of part of the land covered by the deed, will embrace the whole tract described in the deed, whether such tract be composed of one lot or a number of lots. Nor does it conflict with the decision in *Johnson* v. *Simerly,* 90 *Ga.* 612 (16 S. E. 951), in which it was held: "Where a deed properly recorded conveyed five contiguous lots, describing them by their numbers, and naming the aggregate quantity of land conveyed, the whole, although called in the deed, 'five tracts or lots of land . . . containing 202½ acres each,' may be considered as one entire tract, the boundaries of which are the original lines on the margins of the tract as established by the State when the lots were laid off in the original survey. Possession under such a deed of a part of the land thus conveyed will embrace the whole tract described in the deed." In each of these and similar cases a single tract of land was conveyed, though composed of different contiguous parcels or lots. To apply this ruling to the present case would require the selection of portions of the separable items of description, the construing the portions thus selected to form a single tract, and the rejection of other parts of the land conveyed as not forming part of the tract.

(c) Neither the description as a whole nor separate items thereof (which were divided by the word "also") purported to convey a tract of land composed of lots Nos. 315, 316, 317, and 318, so that possession of one of the others would constructively extend over No. 318.

2. Suit having been brought for a half interest in land lot No. 318, the plaintiff having made out a prima facie case, and the defendant depending on a prescriptive title, and failing to sustain such contention, there was no error in directing a verdict in favor of the plaintiff.

3. Where a deed was introduced in evidence which purported to have the name of a witness subscribed thereto as a justice of the peace, and a certificate from the Executive Department showed that at the date of the deed no such person was justice of the peace in the county where the deed purported to have been executed, in the absence of rebutting evidence such proof will suffice to show that the deed was a forgery. *Durham* v. *Holeman*, 30 *Ga.* 619.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., disqualified.*

NOVEMBER 14, 1914.

Complaint for land. Before Judge Fite. Dade superior court. September 16, 1913.

*S. B. Smith* and *W. H. Payne*, for plaintiff in error.

*H. P. Lumpkin* and *H. F. Dunwody*, contra.