W. H. *Burt*, for plaintiff in error.   G. L. *Sabados*, contra.

## O'FARRELL *v.* WILLOUGHBY *et al.*

BECK, P. J.   1. The agreement set forth in the answer to this suit, which was upon certain notes given for the purchase-money of land described in a bond for title, by the terms of which agreement, according to the allegations, the maker of the notes should not be required to pay them unless put in possession of a part of the tract which under the terms of the bond for title was to be conveyed by the obligor, was not such an agreement as falls within the statute of frauds, and was enforceable though not in writing.

2. The court did not err in overruling so much of the demurrer to the answer and the amendment thereto as raised the issue that the defendant "sought to recover for a failure of title or deficiency in amount of land, in an action for the purchase-money, where the sale was by the tract."   While section 4122 of the Civil Code declares that "If the

sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned," that provision is not applicable to this case; for where land described by metes and bounds is sold and the vendor has not title to a part of the land, the vendee, if he elects to take the remaining portion to which the vendor has title, can have an abatement of the price proportionate to the value of that which the vendor can not convey. If the tract of land sold is described by metes and bounds, and further described as containing so many acres or so many square feet, and if as a matter of fact there is not the stated area within the metes and bounds, then the section referred to may be applicable.

3. The demurrer to so much of the answer in this case as sought to set up that a portion of the land included in the bond for title was claimed by the estate of a named party, and that the vendor from whom the defendant purchased the land "undertook to defend his claim to the whole, but it was held by the court that the Marks estate owned a portion of the land defendant was claiming," was properly overruled.

4. The petition as amended also alleged that the defendant, the obligee in the bond for title involved in the suit, had transferred the bond for title to a third party and was not the holder or owner thereof. The answer as amended was demurred to upon the ground that the facts just recited show that the defendant can not recover for a breach of the bond. The court did not err in overruling this demurrer, inasmuch as the transferee of the bond for title was made a party to the suit, and the rights of the obligee in the bond and of the transferee of the bond and of the plaintiff in this suit may all be settled in this case.

5. There is no merit in the other grounds of the demurrer to the answer.

6. In view of the rulings stated above, the court did not err in admitting the evidence upon the admission of which error is assigned in the motion for a new trial, nor in the charges complained of.

*Judgment affirmed. All the Justices concur.*

ATKINSON and GILBERT, JJ., concur in the judgment.

No. 7366. SEPTEMBER 13, 1930.

O. J. *Tolnas,* for plaintiff.

*Strickland & Gillen, Green & Michael,* and *W. T. Ray,* for defendants.