McINTYRE *et al v.* RAGAN *et al.*

No. 10326.   August 9, 1934.   Rehearing denied September 25, 1934.

364

*Alfred Herrington Jr.,* for plaintiffs.

*B. P. Jackson* and *Lankford & Rogers,* for defendants.

BELL, J. (After stating the foregoing facts.) Daniel McIntyre in the year 1855 bequeathed to his six grandchildren 2200 acres of land, more or less, in Montgomery County, to be equally divided between them when they reached the age of 21 years, or were "otherwise lawfully possessed of the same by the appointment of a guardian by the court of ordinary to take charge of the same in conformity of the laws of this State." The will further provided that if any of the devisees should die without issue, then the property of such devisee or devisees should be divided among the brothers and sisters and the children of deceased brothers and sisters. Caroline A. McIntyre, one of the devisees, died without issue in 1930; and the plaintiffs are suing as the descendants of brothers and sisters who predeceased her, to recover a portion of the land which it is alleged she defeasibly acquired under the will.

In the view which we take of the case, it is unnecessary to determine the exact nature of the estate bequeathed to each of the several devisees (cf. *Bailey* v. *Ross,* 66 *Ga.* 354). It is our opinion that the land sued for was not acquired by Caroline under the terms of the will, but is part of a tract which she purchased by exchange from another devisee after the will had been fully executed. It is a part of tract No. 2, and it appears that by a division of some kind, intended as a compliance with the will, this tract was allotted to and accepted by Sarah, and that tract No. 3 was awarded to Caro-

line. These two devisees were then minors, and it appears that neither of them was represented by a guardian. The division was not reported to the ordinary, and no judgment of any court was ever rendered thereon. These devisees, however, exchanged the portions of the estate allotted to them respectively, and Caroline at the time of this exchange had arrived at the age of 21 years. She conveyed tract No. 3 in two parts, at the direction of Sarah, it seems, for which she received a deed from Sarah to tract No. 2. Sarah at that time was still a minor, and did not arrive at her majority until about a year and a half later. The youngest of the devisees was not 21 years of age until about three and one half years after the exchange referred to. It does not appear, however, that any of the devisees ever repudiated the division after arrival at majority, and a ratification by each of them is necessarily inferred. The exemption of infancy is a personal privilege; and if an infant receives property or retains possession thereof after his arrival at legal age, a ratification will result. The property bequeathed to the grandchildren was owned by them in common until a division was had. The title passed, but the devisees became tenants in common. While the division was irregular, the share allotted to each was accepted, and the division was in pursuance of the will. Caroline might have objected, or an objection might have been made for her, upon the ground that she was a minor and unrepresented; but no such objection was ever raised. Under the facts appearing, it will not do to say that she repudiated the division and refused to accept tract No. 3, as allotted to her. The allegations of fact show that she did accept it, notwithstanding conclusions of the pleader to the contrary. After arriving at the age of 21, she dealt with this tract as her own, conveying it at the direction of her sister Sarah, and receiving in exchange therefor tract No. 2. Sarah, though at the time a minor, was dealt with as one sui juris, and she has not complained. This exchange amounted to a purchase and sale as between these two devisees, and the land obtained by Caroline thereunder was not acquired under the will. Caroline may have been dissatisfied with the portion allotted to her in the original division, and this may have prompted the exchange; but even so, she and her sister simply traded, and the titles did not pass under the will. Each was dealing with the other as the exclusive owner of a specific tract, and in this transaction, if not

before, Caroline adopted and ratified the prior division in which there was awarded to her tract No. 3. She thereby assumed ownership and control of it, using it as the consideration with which to acquire tract No. 2. So far as appears, none of the other devisees were concerned in this transaction. If a division of the property was not at this time complete, it could not have been perfected by the action of these two cotenants by themselves. This must have been known to each of them; and it necessarily follows that they were acting for and by themselves, and were not presuming to divide the land in pursuance of the will. The exchange was not a division in kind under the will, but was a confirmation of the previous division among the devisees.

It is contended by the plaintiffs that no division could be made until each of the legatees arrived at the age of 21 years, or until a guardian was appointed; and that since neither of these conditions existed at the time of the purported division among all the devisees, ownership in severalty did not result from such division, but is founded solely upon the exchange between Caroline and Sarah. It is thus argued that the conveyance by Sarah of tract No. 2 perfected incomplete devolution under the will, and that by this procedure alone did Caroline finally become possessed of this tract as her legacy. We can not agree to this contention. In no view of the case can it be said that Caroline acquired an estate in tract No. 2 by virtue of the will, but, as indicated above, she became possessed of this property by purchase from Sarah, and this concludes the plaintiffs so far as the present case is concerned. See, in this connection: *Ralph* v. *Ward,* 109 *Ga.* 363 (34 S. E. 610); *Williams* v. *Williams Co.,* 122 *Ga.* 178 (50 S. E. 52, 106 Am. St. R. 100); *Rowe* v. *Henderson Co.,* 143 *Ga.* 756 (85 S. E. 917); *Dixon* v. *Patterson,* 135 *Ga.* 183 (2) (69 S. E. 21); Civil Code (1910), §§ 4233, 4234. With further reference to the division, see *Hatcher* v. *Cade,* 55 *Ga.* 359; *Lane* v. *Tarver,* 153 *Ga.* 570, 589 (113 S. E. 452), and cit. Under no theory presented by the petition was a cause of action stated, and the court properly sustained the general demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*