24427.   McDAY, administratrix *v.* METROPOLITAN LIFE INSURANCE COMPANY.

DECIDED SEPTEMBER 28, 1935.

*D. A. Pirkle Jr., Burress & Dillard,* for plaintiff.
*Smith, Smith & Bloodworth,* for defendant.

MacIntyre, J. Ada McDay, as administratrix of the estate of Mattie Lucile, brought suit against the Metropolitan Life Insurance Company upon an industrial policy of life insurance issued to her intestate. The face amount of the policy, $320, $19 unearned premiums, $77.50 damages, and $150 attorney's fees were prayed for. The judge withdrew from the consideration of the jury the items of damages and attorney's fees. The jury returned a verdict for the plaintiff in the sum of $138.73. The plaintiff, being dissatisfied with the verdict, brought to this court a writ of error to the overruling of her motion for new trial. The defendant pleaded that the insured, Mattie Lucile, stated in the application for the contract sued on, that she would be 53 years of age at her next birthday, while in point of fact at that time she was 70 years of age, and that under a provision of the policy that "if the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid hereon would have purchased at the correct age," the insurer was liable only in the sum of $120, which was the amount of insurance that the premium would have purchased at the correct age. It was agreed by counsel for both parties that the defendant had collected $14 of unearned premiums.

1. The general grounds of the motion need not be discussed at length. The insured died on September 25, 1931. The plaintiff testified that she heard insured, about two years before her death, say that she was 53 years of age. Jeanie Oliver and Lula Lovett gave testimony to the same effect. The policy was issued in February, 1930. The defendant introduced equally convincing evidence to the effect that the insured was 70 years old. The jury apparently saw fit to believe the defendant's evidence, and this court can not interfere on the grounds that the verdict is contrary to the evidence and to law.

2. In support of its plea the defendant introduced an application to the Metropolitan Life Insurance Company for insurance on the life of Harrison Patterson, executed by Mattie Patterson. There was evidence that Mattie Patterson was the same person as Mattie Lucile, the insured. This application was dated in 1902, and it stated the insured's age at that time as 47 years. It was signed by the insured's mark, and witnessed by an official of the defendant. It came from the custody of the defendant. The plain-

tiff objected to the introduction of this document, on the ground that its execution was not properly shown. The defendant contended that the instrument was admissible as an ancient document. The judge admitted the document in evidence.

The Code of 1933 declares: "A deed more than 30 years old, having the appearance of genuineness on inspection, and coming from the proper custody, if possession has been consistent therewith, is admissible in evidence without proof of execution." § 29-112. "Ancient documents, purporting to be a part of the transaction to which they relate, shall be admissible in evidence." § 38-312. "The subscribing witness shall be produced in all cases except the following: (1) Ancient writings which prove themselves." § 38-706. "Presumptions of law are sometimes conclusive, and an averment to the contrary will not be allowed. These are termed estoppels, and are not generally favored. Among these are the presumptions in favor of . . ancient deeds and other instruments more than 30 years old, when they come from the proper custody, and possession has been held in accordance with them." § 38-114. These sections are all a part of the common law, and are to be construed together. Any written document more than 30 years old, which appears to be genuine and comes from the proper custody, and where possession (if any) has been consistent therewith, is admissible in evidence, if otherwise admissible, without proof of its execution.

It is true, as stated in *Rowe* v. *Henderson Naval Stores Co.*, 143 *Ga.* 756 (85 S. E. 917), that in order for an instrument to be admissible as an ancient document "its existence for more than 30 years must be made to appear," and that "the purporting date is, of itself, insufficient to show the antiquity of the document." This does not mean that the "purporting date" is of no probative value when taken in connection with other evidence to show the actual date of its execution. Every presumption is indulged in favor of the action of the trial judge. He is presumed to have properly construed a petition on demurrer. *Sleed* v. *Savage*, 115 *Ga.* 97 (41 S. E. 272). It is presumed that a judge who renders a judgment causes the jurisdictional facts which authorize him to render it to appear to him. *Weaver* v. *Webb*, 3 *Ga. App.* 726 (60 S. E. 367). Such rules are but corollary to the well-settled principle that he who alleges error must show error. *Harris* v. *Smith*, 133 *Ga.* 373

(65 S. E. 883). *Richmond Hosiery Mills* v. *Hayes*, 146 *Ga.* 240 (91 S. E. 54). The legal maxim "omnia præsumuntur rite et solemniter esse acta donec probetur in contrarium" is applicable to the action of the judge in admitting the writing in evidence. The instrument itself might bespeak the verity of the purporting date or the fact that it was more than thirty years of age. It might have appeared to be genuine upon its face; from its appearance it might have appeared to have been of great age, and the purporting date may have appeared to be in the same writing and done with the same means as the rest of the instrument. It is to be presumed that the profert of the instrument itself before the court was satisfactory in proof of its antiquity, when taken in connection with its purporting date; and this court can not say from the record before it that the judge erred in admitting it in evidence. See *Kelly* v. *Kauffman Milling Co.*, 92 *Ga.* 105 (18 S. E. 363).

The remaining assignments of error appear to be without merit, and the judgment overruling the motion for new trial is

*Affirmed. Broyles, C. J., and Guerry, J., concur.*