29297. VIRGINIA-CAROLINA CHEMICAL COMPANY *et al.*
*v.* WILLOUGHBY, *et al.*

DECIDED MARCH 20, 1942. REHEARING DENIED APRIL 3, 1942.

*Tolnas & Middlebrooks,* for plaintiffs in error.
*Carlisle Cobb,* contra.

STEPHENS, P. J.   Pursuant to notice on August 1, 1939, the Housing Authority of the City of Athens instituted proceedings to condemn a certain tract of land in the City of Athens as the property of Will Willoughby and Adeline Willoughby under authority granted by the General Assembly (Ga. L. 1937, pp. 210 et seq., Ga. L. 1939, pp. 112 et seq.), for slum-clearance purposes and to build low-rent houses.   On April 27, 1940, a judgment was rendered in the condemnation procedings that Will Willoughby and Adeline Willoughby recover of the housing authority $1773 as the fair market value of the property.   This judgment provided that it "be credited with the sum of  .  .  $1350  .  .  the sum having been paid into court by the plaintiff as a tender."   Previously, on December 13, 1939, the Virginia-Carolina Chemical Company intervened in the condemnation proceedings.   The intervenor alleged that at the time the condemnation proceedings were instituted it held a general lien on the property involved against the interest therein of Will Willoughby; that his interest was the entire legal estate; that this lien arose by virtue of a judgment in its favor against Willoughby rendered in the city court of Athens February 21, 1922, for $347.65 principal together with interest, costs, and attorney's fees; that execution issued on this judgment on February 23, 1922, and was entered on the general execution docket on that date, and that proper and timely entries of nulla bona were made on the execution.   The intervenor prayed that the lien of its judgment be set up and established upon all funds derived from the property involved.

On the same day M. Link and Abe Link, a partnership trading as M. Link & Son, likewise filed their intervention in the condemnation proceedings, and alleged that at the time of the filing of the condemnation proceedings they had a general lien upon the property involved against the interest therein of Will Willoughby, which was the entire legal estate, by virtue of a judgment of a justice of the peace in their favor against him; that this judgment was rendered June 5, 1939, for $43.14 principal and $64.09 interest besides costs; that execution issued on the judgment on June 14, 1939, and was entered on the general execution docket of Clarke County on the same day.   The intervenors prayed that the lien of their judgment be set up and established as to the funds derived from the property involved.

Adeline Willoughby filed her response to the intervention of Virginia-Carolina Chemical Company in which she denied that the intervenor held a general lien against the property involved, and alleged that the property involved belonged to her and not to Will Willoughby, because on February 11, 1916, Will Willoughby had transferred to her a bond for title which had been theretofore executed in his favor by Mrs. Kate C. O'Farrell, which transfer was properly recorded and provided as follows: "For value received I hereby transfer, assign, sell and convey all my rights, title, interest, claim or demand in and to the within bond for title, to Adeline Willoughby, and I hereby expressly authorize, direct and instruct A. H. O'Farrell, his heirs, executors, administrators and assigns, the obligor herein, upon payment to him of the money due under this contract, to make execute and deliver to said Adeline Willoughby the good and sufficient titles with the usual warranty of titles in fee simple herein agreed to be made." Adeline Willoughby further alleged that she had been in control of this land and had lived thereon together with her mother, uninterruptedly and peaceably from the date of the transfer of such bond for title to her until the condemnation suit. She further alleged that on September 18, 1923, Howell Cobb filed in Clarke superior court an equitable suit, and alleged that Will Willoughby bought and held under a bond for title certain land which included the land that was condemned in this proceeding; that according to his information and belief Will Willoughby transferred this bond for title to his mother, Adeline Willoughby; that she reconveyed the land to him before her death, and that he, Will Willoughby, owned a valuable equity in such bond on the land therein described. This defendant further alleged in the response that she was, upon her application, made a party to the equitable suit of Howell Cobb, and filed her pleading therein in which she alleged that she "is the oldest child of Will Willoughby and the namesake of her grandmother, and the property in question was given to her by her father when he was entirely solvent and owed little, if any, money;" that there was a dispute between her father and A. H. O'Farrell for the reason that the bond for title called for more land than O'Farrell could deliver; that she alleged in such equitable suit that she had improved the land by building houses thereon, and that she prayed therein that it be decreed that Will Willoughby have "no interest in said land

and that no decree shall be rendered against him;" that Will Willoughby filed an answer to the equitable petition in which he alleged that he "purchased a lot on Hancock Avenue from A. H. O'Farrell and took a bond for title therefor, which bond for title he transferred to his daughter, Adeline Willoughby, and the interest, whatever it is, is in her and not in him," and "the payments made by him were made prior to the time the bond was transferred to Adeline Willoughby," and "he [referring to O'Farrell] is not due anything because he lost a portion of the land described in the bond for title and what he [Will Willoughby] paid is equal to and exceeds the land he got." Adeline Willoughby further alleged in her response that the Virginia-Carolina Chemical Company intervened in the equitable suit of Howell Cobb upon the basis of the judgment upon which it intervened in this condemnation suit, and alleged therein that Will Willoughby was insolvent and had transferred the bond for title therein referred to to this defendant for the purpose of "hindering, delaying and defrauding said creditors." This defendant also alleged in her response that M. Link & Son likewise intervened in the equitable suit brought by Howell Cobb against her father, Will Willoughby, as the holder of the bond for title therein referred to, in which suit this defendant intervened and contended that she was the owner of the premises involved because of the transfer of the bond for title to her, and that the same attorney represented both the Virginia-Carolina Chemical Company and M. Link & Son in such interventions. This defendant further alleged in her response that Howell Cobb was stricken from the equitable suit as a plaintiff and creditor of Will Willoughby, that the equitable case proceeded to trial on the issues made by the answer of Will Willoughby and the intervention of this defendant and on the interventions of the Virginia-Carolina Chemical Company and M. Link & Son, and that at the conclusion of the evidence a nonsuit was granted and the case dismissed as to M. Link & Son and the Virginia-Carolina Chemical Company with costs against them, which costs such intervenors have not yet paid. This defendant further alleged in her response that the intervention filed in the condemnation case by M. Link & Son is based on the same claim as that on which their former intervention was based, and the judgment named is but a renewal of the old judgment referred to in that intervention and had become dormant. This defendant

alleged that the interventions interposed in the condemnation proceedings by the intervenors were adjudicated against them in the equitable case.

In her response to the interventions above referred to the defendant Adeline Willoughby further alleged that thereafter Mrs. Kate O'Farrell instituted suit in Clarke superior court against Will Willoughby on part of the purchase-money notes executed by him in her favor and referred to in the bond for title which had been transferred by Will Willoughby to this defendant, in which case this defendant was made a party; that Will Willoughby defended such suit on the ground that there was an agreement between him and the payee of the notes that he would not be required to pay them unless the payee, who was the obligee in the bond for title, was able to put him in possession of a part of the entire tract of land described in the bond for title; that this suit resulted in a verdict and judgment for the defendant, and the court decreed that the notes sued on be cancelled and that the title to all of the land with the exception of such part be adjudged to belong to Will Willoughby, his heirs and assigns in fee simple, and that this verdict and decree were affirmed by the Supreme Court in *O'Farrell* v. *Willoughby,* 171 *Ga.* 149 (154 S. E. 911). The defendant, Adeline Willoughby, prayed that the title to the premises be decreed to have passed into her upon the transfer of the bond for title, free of any equity or claim of Will Willoughby.

The intervenors were required to file a replication to the foregoing response of Adeline Willoughby, and therein they denied the allegation that the bond for title had been transferred to Adeline Willoughby, and alleged that the property which was condemned from which the funds in court arose was, at the time of such condemnation proceedings, owned by Will Willoughby in his own right and title, for the reason that the decree in the O'Farrell case above set out had the effect of adjudging the title thereto in him.

The issues made by the response of Adeline Willoughby to the interventions of the Virginia-Carolina Chemical Company and M. Link & Son and the answers made by these intervenors to such response came on for trial before the court and a jury.

Evidence was introduced tending to establish the allegations of the response of Adeline Willoughby as to the former suits and the transfer to her by her father of the bond for title, as to improve-

ments made upon the land by her, and as to the peaceable and uninterrupted possession by her of the land from the transfer of the bond for title to the condemnation proceedings. There was evidence from which the jury was authorized to find that Adeline Willoughby exercised ownership and control of the premises after the transfer of the bond for title to her. The intervenors introduced evidence tending to show that the rental of tenant houses on the premises had been placed by Will Willoughby, after the date of the transfer of the bond for title, for a period of three or four years, in the hands of a real-estate agency in Athens, and that this agency collected the rents from the tenants and reported to Will Willoughby the greater part of the time, and when Will Willoughby was not in town remitted the rents collected to his wife, Corinna Willoughby. The intervenors also introduced evidence to the effect that the real-estate agency paid taxes on the premises out of these rents; that Will Willoughby had returned the property for taxation, and that this defendant, Adeline Willoughby, had returned the property for taxation as the property of Will Willoughby. The trial resulted in a verdict on January 16, 1941, in favor of Adeline Willoughby. On this verdict the following judgment and decree were entered by the court: "It appearing to the court that heretofore upon the 28th day of April, 1940, that a decree was made in the above-stated case in favor of Will Willoughby and Adeline Willoughby against the Housing Authority of the City of Athens, condemnor, for the principal sum of $1773, besides interest at the rate of seven per cent. per annum from the 19th day of September, 1939, the said amounts to be credited with the sum of $1350 which had theretofore been paid into court as a tender by the said condemnor at the time of the award by the assessors, and that thereafter a motion for new trial was filed by the said condemnor, the Housing Authority of the City of Athens, and that said motion for new trial was by the court dismissed on the 9th day of November, 1940, upon which date the said decree became finally effective as between the said Willoughbys and the said the Housing Authority of the City of Athens; and that certain intervenors intervened in said case, to wit: A. E. Davison, tax collector of Clarke County on behalf of the said County of Clarke and State of Georgia, claiming a lien for unpaid taxes upon the fund raised by said judgment or decree; the City of Athens, claiming a lien for un-

paid taxes upon the said fund; E. J. Crawford, clerk, and W. E. Jackson, sheriff, claiming a lien upon two judgments, one against Adeline Willoughby and Will Willoughby jointly, and the other claiming a lien against Will Willoughby alone; and claiming that the said fund should be subjected to the two said judgments. Virginia-Carolina Chemical Company, claiming that it held a judgment against Will Willoughby and that the said fund, partly paid into the court, and the judgment for the unpaid part of said fund, as above set out, and referred to in said former decree, was in its entirety the sole property of the said Will Willoughby, and therefore should be subjected to the judgment of the said Virginia-Carolina Chemical Company, M. Link and Abe Link, trading as M. Link & Son, claiming that they held a judgment against Will Willoughby, and that the said fund, partly paid into court, and the judgment for the unpaid part of said fund, as above set out, and referred to in said former decree, was in its entirety the sole property of the said Willoughby, and therefore should be subjected to the judgment of the said M. Link and Abe Link, trading as M. Link & Son, and, that said former decree included the following language: 'the several interests of Willoughby and Adeline Willoughby in said fund and this judgment to be determined as between them by further order of this court,' and that said Adeline Willoughby in her pleading in response to the claims of the various said intervenors set up and in pursuance of the said former decree set up her claim that the whole title to the condemned land in said case was her sole and individual property as shown by said pleading and was therefore not subject to the judgment of the Virginia-Carolina Company, nor to the judgment of M. Link and Abe Link, trading as M. Link & Son, because these two said judgments were not against her nor the said condemned land nor against the fund raised by said condemnation, nor against the said unpaid part of the judgment against the said Housing Authority of the City of Athens, for the balance of amount of the judgment against it for the value of the condemned land, but that all of said fund, paid and unpaid, was the sole property of the said Adeline Willoughby; and that said fund, for the reason that it was hers, was not subject to the judgment held by the said E. J. Crawford, clerk, and W. E. Jackson, sheriff, that they held against Will Willoughby solely, though conceding that the other judgment held by said officers

against her and Will Willoughby jointly should be paid out of said fund; and that the tax fi. fas. that were against the land itself and remained unpaid in favor of the State, the county and the City of Athens, should be paid out of said fund; and that the said Will Willoughby by affidavit attached to the said pleading of said Adeline Willoughby admitted and swore to the truth of the pleadings of the said Adeline Willoughby that the said land had been her sole property and that the fund raised from it by condemnation, paid and unpaid, is her property; and that by agreement of all parties and under the consequent order of the court the tax claims were on the 14th day of January, 1941, paid, $270.24 to the City of Athens and $209.83 to A. E. Davison, tax collector for State and county taxes, out of the fund in the hands of the clerk of the court; and that the issue of who was the true owner of the said fund and said former judgment against the said Housing Authority of the City of Athens, was submitted to a jury at this January term of the court, and that the said jury, after hearing evidence, argument and the charge of the court returned the following verdict: 'We, the jury find in favor of Adeline Willoughby, J. E. Spinks, Foreman, Jan. 16, 1941.' Wherefore it is considered ordered and decreed by the court as follows: 1st. That the funds remaining in the hands of E. J. Crawford, clerk of the court, that was paid as part of the condemnation price by the Housing Authority of the City of Athens, and balance of the unpaid judgment rendered in this case on April 27, 1940, is the property of Adeline Willoughby and that fi. fa. be issued thereon in her name against the Housing Authority of the City of Athens. 2nd. That out of the funds now remaining in the hands of said clerk the sum of $15.85 principal and $2.20 interest be paid to E. J. Crawford, clerk, and W. E. Jackson, sheriff, upon their judgment against Adeline Willoughby, in satisfaction thereof. 3rd. That the costs of intervention by E. J. Crawford and W. E. Jackson upon their intervention upon the said judgment against the said Adeline Willoughby be paid out of the fund now in the hands of the said E. J. Crawford, clerk of this court. 4th. That the said Adeline Willoughby do have and recover of E. J. Crawford and W. E. Jackson the cost of their intervention upon a judgment against Will Willoughby solely. 5th. That the costs of the interventions of the City of Athens for taxes, and the costs of the intervention of A. E.

Davison, tax collector, for taxes due the State and County of Clarke, be paid out of the fund now in the hands of the said clerk of this court in this case. 6th. That the said Adeline Willoughby do have and recover of Virginia-Carolina Chemical Company the costs $———— of its intervention and trial of the issues thereon and of this judgment. 7th. That the said Adeline Willoughby do have and recover of M. Link and Abe Link, trading as M. Link & Son, the costs $—————— of their intervention and trial of the issues thereon and of this judgment. This 28th day of January, 1941."

The intervenors moved for a new trial on the general grounds and by amendment added certain special grounds, and to the judgment overruling the motion they excepted.

The right of the intervenors, as judgment creditors of Will Willoughby, to claim the proceeds from the condemnation sale of this land is predicated upon whether Will Willoughby owned the land at the time their judgments became a lien on his property. Under the evidence the transfer by Will Willoughby of his bond for title interest in the land to his daughter, the defendant, Adeline Willoughby, was effective to pass the title into her. The jury was authorized to find that since the transfer of the bond for title to her on February 11, 1916, Adeline Willoughby had been in uninterrupted possession of, and exercised control and dominion over, the lands described in the bond for title. The effect of the decree rendered in favor of Will Willoughby in the suit instituted by Mrs. O'Farrell in 1928 was not to divest Adeline Willoughby of the title and interest acquired by her by the transfer of the bond for title to her by Will Willoughby in 1916, but the effect of this decree, which adjudged the fee-simple title to the land to be in Will Willoughby, was that any title acquired by Will Willoughby thereby inured to the benefit of Adeline Willoughby to whom he had previously transferred the bond for title. "Where a father in possession of land under a bond for titles, a part of the purchase money being paid, makes a parol gift of the land to a son, and the latter goes into possession, and, on the faith of the gift, makes valuable improvements on the land, and subsequently the father acquires the legal title by a conveyance from the maker of the bond for titles, the title thus acquired by the father passes, by the statute of uses, into the son and inures to his benefit in preference to one to whom the father conveyed after he had acquired the legal title." *Hada-*

*way* v. *Smedley,* 119 *Ga.* 264 (46 S. E. 96). See also *Parker* v. *Jones,* 57 *Ga.* 205; *Pridgen* v. *Green,* 80 *Ga.* 737, 738 (7 S. E. 97). The moment the fee-simple title to the premises was decreed by the court to be in Will Willoughby, such title inured to the benefit of the one to whom Will Willoughby had transferred the bond for title interest, whether by a valid gift or a valuable consideration. Also see *Oliver* v. *Holt,* 141 *Ga.* 126 (90 S. E. 630). The decree in the O'Farrell case did not have the effect of invalidating or setting aside the transfer of the bond for title theretofore made by Will Willoughby to Adeline Willoughby. The rights and interest of Adeline Willoughby were not involved in that case and were not affected by that decree.

Applying the above rulings there were no errors in the charge of the court, or in the failure of the court to charge, as contended.

The evidence offered by the intervenor that a bond for title under which Will Willoughby held a piece of property not involved in the present proceedings was by him transferred to his mother, Adeline Willoughby, a person of the same name as his daughter, the defendant in this case, was properly excluded. It related to another transaction and had no probative value as tending to show that the transfer of the bond for title under which Will Willoughby held the property which is the subject matter of the present litigation was transferred to his mother, Adeline Willoughby, and not to his daughter, Adeline Willoughby.

The evidence supported the verdict for the defendant Adeline Willoughby, and no error appears. The court properly overruled the intervenors' motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*