A00A2557. BUCHHEIT et al. v. GILLIS et al.
(541 SE2d 441)

PHIPPS, Judge.

The Gillises and the Buchheits own adjoining lots in Rivers End subdivision in Chatham County. The Gillises sued the Buchheits in a

---

[9] *Brown v. State*, 225 Ga. App. 49, 51 (1) (b) (483 SE2d 318) (1997).

boundary line dispute. In *Gillis v. Buchheit*,[1] we reversed the trial court's grant of the Buchheits' motion for summary judgment. The Buchheits now appeal judgment on a jury verdict in the Gillises' favor. Finding no reversible error, we affirm.

As stated in *Gillis*, Mr. Gillis purchased his and his wife's lots from George Clarke, Sr. and George Clarke, Jr. in 1956. After Clarke, Sr.'s death, the Buchheits purchased their lots from Clarke, Jr. in 1972. Gillis testified that when he purchased his lots from the Clarkes, it was mutually understood that the boundary line would be one that he and Clarke, Sr. had agreed upon, marked, and blazed in 1955 (the "1955 line"). Gillis further testified that after the purchase he filled in and maintained an area of land until 1995, when the Buchheits decided to build a house on their lots. In reliance on a 1944 recorded plat, the Buchheits in 1995 asserted entitlement to, and began exercising dominion over, an area encompassing the 1955 line and including land Gillis filled.

At the summary judgment stage, the Gillises sought recovery on theories that the boundary line had been established by acquiescence or by agreement and that they had obtained the disputed property as a parol gift of land. We reversed the trial court's determination that, as a matter of law, the Gillises could not obtain a recovery under either theory.[2] We held that material issues of fact existed as to both. Following remand, the Gillises abandoned the gift theory, and the question presented to the jury was whether the Gillises had acquired title to the disputed property by acquiescence or agreement.

As recognized in *Gillis*:

> By law, "acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line." OCGA § 44-4-6. Where a boundary line is disputed, uncertain, or unascertained, it may be established (1) by acquiescence for seven years pursuant to OCGA § 44-4-6, or (2) by agreement if the agreement is accompanied by actual possession of the line. [Cit.] However, in order to establish a boundary line under this Code section, the line must not be known or certain. [Cit.][3]

1. The Buchheits first complain of the trial court's admission of the Gillises' Exhibit 11.

This exhibit is a map of Rivers End subdivision. Gillis testified that Clarke, Sr. gave him the map when they visited the property in

---

[1] 232 Ga. App. 126 (500 SE2d 38) (1998).
[2] Id. at 128-129 (1), (2).
[3] Id. at 128 (1).

1955, and that Clarke, Sr. made a mark on the map noting that the boundary line had been changed and affixed his signature to the map. The Buchheits contend that the trial court erred in overruling their hearsay objection to this document. "Ancient documents purporting to be a part of the transaction to which they relate shall be admissible in evidence."[4] Because Exhibit 11 qualifies as an ancient document,[5] the court did not err in overruling the Buchheits' objection.

2. The Buchheits contend that the trial court erred in denying their motions for directed verdict. They argue that there is no evidence that Clarke, Jr. agreed to a change in the boundary line, that the boundary line dividing the Buchheits' lots from the Gillises' is definite and ascertainable from the recorded plat, and that there was never any dispute between Gillis and the Clarkes concerning the boundary line.

These arguments are without merit. We determined in the prior appeal that there is evidence that the change in the boundary line was mutually agreed upon between Gillis and the Clarkes and that whether the recorded plat established the boundary line is a disputed issue.[6] A boundary line which is "disputed, uncertain, *or* unascertained" may be established by acquiescence or agreement.[7]

3. The Buchheits contend that the trial court erred in submitting a special verdict form to the jury, because the interrogatories contained therein were confusing and incorrect.

The special interrogatories required the jury to resolve the question of whether the Gillises had acquired title to the disputed property by acquiescence or agreement in accordance with the principles set forth in *Gillis*. We find no error.

4. Contrary to arguments advanced by the Buchheits, the trial court's charge to the jury that actual possession up to the boundary line is not always necessary to show acquiescence in the line does not constitute a misstatement of Georgia law.[8]

5. The Buchheits contend that the trial court erred in giving the Gillises' Request to Charge No. 4 and in failing to give the Buchheits' Request to Charge Nos. 1, 3, 8, 9, and 18. There is no merit in this contention.

As the Gillises' fourth request to charge consisted of one of the principles quoted in *Gillis*, the court did not err by including it in the instructions to the jury. The Buchheits' first and third requests to

---

[4] OCGA § 24-3-11.
[5] See *McDay v. Metro. Life Ins. Co.*, 51 Ga. App. 791, 793 (181 SE 871) (1935).
[6] *Gillis*, supra at 128 (1).
[7] (Emphasis supplied.) Id.
[8] See *Tietjen v. Dobson*, 170 Ga. 123, 126-127 (3) (152 SE 222) (1930).

charge related to requirements that contracts for the sale of land be in writing and that deeds conveying land be recorded. The court did not err in refusing to give these requests, as they were not adjusted to the issues being tried. The Buchheits' eighth and ninth requests to charge concerned the requirement that a boundary line be uncertain or unascertained in order to be established by acquiescence or agreement. These requests were fairly covered in the court's charge to the jury on the principles taken from *Gillis*. The Buchheits have advanced no argument or citation of authority in support of their contention that the court erred in refusing to give their eighteenth request. Therefore, that claim of error has been abandoned.[9]

6. There is no merit in the Buchheits' claim that a letter submitted by a juror after return of the verdict establishes that the jury improperly considered matters outside the record in returning its verdict.

In the letter, the juror speculated that the Buchheits should have won the case based on a theory not presented, complained about not having been provided with a written copy of the jury charge during jury deliberations, and expressed her opinion that the jurors' sympathy toward the Gillises played a role in the verdict. This letter does not show any prohibited consideration of extrinsic matters by the jury.

7. We find no abuse of discretion in the trial court's denial of the Buchheits' motion for new trial on the general grounds, as there is evidence to support the verdict.[10]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 2, 2000 —
RECONSIDERATION DENIED NOVEMBER 20, 2000 — 

*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., Mary Kathryn Hogan*, for appellants.
*Donald E. Dyches, Jr.*, for appellees.

---

[9] Court of Appeals Rule 27 (c) (2).
[10] *Crump v. McDonald*, 239 Ga. App. 647, 650-651 (3) (520 SE2d 283) (1999).