## WILKERSON *vs.* WOOTTEN.

Co-executors have all, a joint and entire authority, over the assets, and the acts of any one of them are deemed the acts of all.

Complaint, in Lee Superior Court, and Nonsuit, by Judge ALLEN, March Term, 1859.

This was an action on the following contract brought against Wootten, administrator *de bonis non*, with the will annexed, of Enoch Johns, deceased. To--wit:

"I agree and hereby contract to employ James W.

Wilkerson to oversee on the plantation of Enoch Johns, deceased, for the year 1857, and in consideration of his services as such, I promise to pay said Wilkerson, at the expiration of the year, two hundred and fifty dollars in money, and the amount of cotton that ten acres of good land will bring.

(Signed)    ELIZABETH D. JOHNS,

as Ex. of Enoch Johns, deceased.

Witness: John Spence, John F. Cook.

Nov. 10, 1856.

It appeared that Thos. H. Moody and David J. Johns were also acting and qualified executors of testator when said contract was made by Mrs. Johns, their co-executrix. That the will of Enoch Johns directed and required the executors to keep his estate together, and work the plantation for the benefit of the legatees. That Mrs. Johns resided on the plantation. That about the 1st February, 1857, under a bill filed, a receiver was appointed, who took charge of the estate, including the plantation, and discharged Wilkerson and employed another person to oversee. Plaintiff insisted, at the time, upon his right under the contract, to remain, but the receiver would not permit him to do so. Plaintiff proved what was the value of the cotton that ten acres of good land would yield, and closed.

Defendant moved for a nonsuit on the ground that one executor, where there are several acting and qualified, cannot make a contract to bind the estate. The Court sustained the motion, and ordered a nonsuit, and plaintiff excepted.

FRED. H. WEST, for plaintiff in error.

WARREN & FLOYD, and VASON, contra.

Wilkerson vs. Wootten.

*By the Court.*—BENNING, J., delivering the opinion.

Was the Court right in granting the nonsuit ?

The ground on which the Court went, was, that " one executor, where there are several, cannot make a contract binding upon testator's estate." Is this ground true in law. We think not. It is laid down by Williams, in his treatise on executors, that co-executors " have all a joint and entire authority over the whole property ;" and that " the acts of any one of them are deemed to be the acts of all." (2 Williams' Ex'rs, 683.) In these propositions he is well supported by authority; and we think that the propositions taken generally are true. 8 Ga. 388.

We see nothing special in this case to make the case an exception to the law expressed in the propositions. The executors had the power to employ an overseer, Mrs. Johns was one of them ; she therefore, had, by herself, that power.

We think, then, that the ground on which the nonsuit was put was not a sound one.

It was scarcely insisted that it was ; but it was insisted that there was another ground on which the nonsuit might be supported ; and that was that the overseer had been discharged by the person who had been appointed " receiver " of the estate, and who has, as receiver, taken charge of the estate ; the argument being, that the appointment of the receiver deprived the executors of the power of fulfiling their contract, and the appointment being lawful and binding on them, they ought to be held excused for not fulfiling the contract. This raises a very important question, and one which was not made in the Court below, or much discussed in this Court. We, therefore, prefer not to decide it, if we can avoid doing so, and we can avoid doing so, for even if we grant the position to be true, yet it was not sufficient to authorize a nonsuit, as the overseer had performed some service

under the contract, and therefore, was entitled to recover at least as much as that was worth. The executors do not plead a want of assets.

Judgment reversed.