MACKIE, BEATTIE & COMPANY, plaintiffs in error, vs. WIL-
LIAM GLENDENNING, administrator, et al., defendants in
error.

1. Conceding the right of the plaintiffs to institute suit on the adminis-
trator's bond for an *unliquidated demand against the intestate*, which
is left an open question in this class of cases, it is incumbent on the
plaintiffs, when the plea of *plene administravit* is filed, to show suffi-
cient assets in the hands of the administrator to meet the indebtedness,
and the evidence being conflicting on this point, this Court will not in-
terfere.
2. It is immaterial who makes the application for the twelve months' sup-
port for the family of the deceased, so that the representative of his
estate has notice; therefore, such an application by the temporary ad-
ministrator and the action of the Ordinary thereon, is not void as
against creditors.

Administrators. Year's support. Before Judge GIBSON.
Richmond Superior Court. April Term, 1873.

For the facts of this case, see the decision.

FRANK H. MILLER, for plaintiffs in error.

1st. The motion to dismiss the suit was properly overruled.
Action lies on the bond by any one: 43 Ga., 275; Code, sec.
2468.

2d. The administrator, if he received corn belonging to an-
other and sold it, was liable personally: 15 Ga., 189. But if
the proceeds went into the estate, the *tort* can be waived and
the proceeds claimed: 38 Ga., 216; 28 *Ibid.*, 276; 43 *Ibid.*,
598; 46 *Ibid.*, 296. *Tort* can be waived even after suit
brought: Code, sec. 2904; 35 Ga., 18; 39 *Ibid.*, 105; 38
*Ibid.*, 216; 7 *Ibid.*, 191; Code, sec. 3008; 46 *Ibid.*, 120.

3d. Waiting for payment until the corn was carried from the
depot to Reed's store was no extension of credit; the title was
the plaintiffs' until the corn was paid for: Code, secs. 1589,
2602.

4th. A temporary administrator has no power to make ap-
plication for year's support: Code, secs. 2451, 2530; 39 Ga.,
565; 5 *Ibid.*, 274; 34 *Ibid.*, 393; Sims, sheriff, vs. Thornton,

decided January 28, 1873; 36 Ga., 421; 24 *Ibid.*, 131. And if the application is illegal, it cannot be made binding by remaining of file six months: Code, sec. 2532; 45 Ga., 460; Brown *vs.* Crane, decided January 28, 1873.

5th. The plea of *plene administravit* must be supported by the introduction, as evidence, of the transcript required; annexing transcript to plea is not sufficient.

HENRY W. HILLIARD; MARCELLUS P. FOSTER, for defendants.

Creditor cannot maintain an action against an administrator and the sureties upon his bond on an unliquidated demand against a decedent: Code, (1867) sec. 3307; 7 Ga., 551; 7 *Ibid.*, 31; 6 *Ibid.*, 307, *et seq.;* 3 Redfield on Wills, 93, (6) *et seq.*, and notes; *Ibid.*, 266, 267, and notes; *Ibid.*, 269, (12.)

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant, Glendenning, administrator of Reed, and his securities, on his administration bond, alleging a *devastavit* by the administrator of the assets of his intestate, which came into his hands to be administered. The defendants pleaded *plene administravit* to the plaintiffs' action. On the trial, the jury found a verdict for the sum of $75 00 in favor of the plaintiffs, who made a motion for a new trial, which was overruled, and the plaintiffs excepted. The defendants also excepted, on the ground that the plaintiffs could not maintain their action against the defendant and his securities on his bond, on an unliquidated demand against Reed, the intestate.

1. The demand of the plaintiffs was founded on an alleged sale of two hundred sacks of corn made by them to the defendant's intestate for cash, which was delivered but not paid for. The plaintiffs sought to recover the corn, under the provisions of the 1589th section of the Code, on the ground that the title to the corn had never passed out of the plaintiffs, but this they could not do, in this form of action, in a suit on the administrator's bond. The plaintiffs were only entitled to recover in

Mackie, Beattie & Company *vs.* Glendenning *et al.*

this suit by treating the sale of the corn to the defendant's intestate as a debt due them for the corn delivered to the intestate. It was incumbent on the plaintiffs to have established their debt against the intestate, and that sufficient assets of the intestate had come to the hands of the defendant, as his administrator, to pay it, and that the defendant had wasted the same, conceding their right to sue on the bond for a *devastavit* before they had obtained judgment against the administrator, which we leave an open question in *this class of cases.* There was no demurrer to the defendants' plea of *plene administravit;* if there had been, and it was insufficient, the defendant could have amended it. The evidence as to the amount of the assets which came into the defendant's hands, as administrator, was *conflicting.*

2. It appears in the record that the defendant, who was the father of the intestate's widow, whilst he was temporary administrator, made application to the Ordinary for twelve months' support for the widow and children of the intestate, which was allowed by the Ordinary. It was objected at the trial, that the defendant, as such temporary administrator, had no authority to apply to the Ordinary for the year's support for the family, and that the action of the Ordinary thereon was void as to creditors. The force of this objection, in view of the facts of this case and the provisions of the Code, is not very apparent. By the 2530th section of the Code, it is provided that on the death of any person, testate or intestate, leaving a widow and minor children, it shall be the duty of the Ordinary, on the application of the widow or the guardian of the children, or any *other person* in their behalf, on notice to the representative of the estate, if there be one, and if none, without notice, to appoint five discreet appraisers, etc. If the defendant made the application to the Ordinary, in behalf of his daughter and her children, for twelve months' support, when acting as temporary administrator, he had *notice* of the application, and he was the only representative that the estate had at that time. It does not appear to be a material question, in view of the statute, who makes the application for the twelve months'

support, so that the representative of the estate has *notice* of it, if there be one. When the appraisement shall be made, and a schedule thereof returned to the Ordinary, objections may be made thereto, by any person interested, at any time within *six months* after the filing the same in office: Code, sec. 2532. The plaintiffs in this case, filed no objections to the allowance of the twelve months' support by the Ordinary, within the time prescribed. The main question in the case was as to the amount of assets which came into the defendant's hands to be administered, and what amount thereof remained in his hands after payment of the twelve months' support, subject to the payment of the plaintiffs' debt. The jury having passed on that question, under the evidence before them, we will not disturb their verdict. Inasmuch as the counsel for the defendants are content to abide the verdict, we will not consider their exceptions to the ruling of the Court in the progress of the trial.

Let the judgment of the Court below be affirmed.