SUSAN C. FORBES, plaintiff in error, *vs.* THOMAS F. ANDERSON *et al.*, defendants in error.

Where the application for the twelve months' support of a widow and minor children was made by the administrator, and during litigation growing out of objections filed by creditors, the case was adopted by and prosecuted in

the name of the widow, and such fact appears in all the proceedings after-
wards, it was error to dismiss the case on the appeal, on motion of the cred-
itors, on the ground that the original application was made by the adminis-
trator, or because the administrator did not have notice. The application
having been signed by him was sufficient notice.

Administrators and executors. Year's support. Notice.
Before Judge Rice. Banks Superior Court. October Term,
1874.

This case is sufficiently reported in the above head-note.

Estes & Boyd; C. H. Sutton, for plaintiff in error.

No appearance for defendants.

Trippe, Judge.

It was said in *Mackie, Beattie & Company vs. Glendenning*,
49 *Georgia*, 367, "it does not appear to be a material ques-
tion, in view of the statute, who makes the application for the
twelve months' support, so that the representative of the estate
had notice of it, if there be one." It was also further said,
"if the defendant made the application, when acting as tem-
porary administrator, he had notice of the application, and he
was the only representative the estate had at that time." In
that case the temporary administrator had made the applica-
tion, and when sued for a *devastavit* he set up as a discharge
for so much of the assets, the judgment of the ordinary allow-
ing it as a twelve months' support to the widow and children,
and the plea and proof were allowed. It may be said that if
the widow received it, (the allowance,) she thereby ratified the
proceedings, and was bound by them, but that she was not
estopped from making her own application by such action of
the administrator, unless she consented to it, or afterwards
ratified it, and that an administrator should not be allowed to
take any benefit from any proceeding of that sort, unless the
widow was bound by it also. I admit there is some force in
this. The representative of the estate ought not to institute
action for the widow's benefit that would bind creditors, and

not be obligatory on her. He ought not to litigate with creditors, and if the result be unsatisfactory, then the very person for whose benefit he was acting also have the right to renew the case. I am not satisfied that the widow would be bound by what was done without her knowledge or consent, and unless she would be, the administrator should not proceed. But in this case the widow becomes the party to the application. It is true, it is made in the name of and signed by the administrator. But the first motion made by the objecting creditors recognizes and recites it as an application of the widow. That was a motion to set aside the order of the ordinary admitting to record the return of the appraisers setting apart the support. This motion was allowed, as it seemed the order was prematurely granted. The case then proceeded exclusively in the name of Mrs. Forbes, the widow. The appeal bond by the creditors was given to her, and it comes to this court in her name as plaintiff in error. She has adopted, ratified, and is prosecuting the application made by the administrator for the benefit of herself and children. She accepts the very position she was recognized as occupying by the objecting creditors in the first step they took, and as a party directly to the proceedings will be bound by the result. The creditors can ask no more. As the administrator, of course, had notice of his own action, the law is satisfied on that point. As Mrs. Forbes desires to prosecute the application, we see no reason from the facts stated, why she should not be allowed to do so, and think the dismissal of it was error.

Judgment reversed.