WHITWORTH vs. WOFFORD, administrator.

1. A court of equity will not appoint a receiver to hold land pending an action of ejectment for the recovery of the same, where defendant in ejectment was a *bona fide* purchaser thereof.
2. The act of 1876 (Acts 1876, p. 51) required all suits for the recovery of property which had been set apart as a homestead and sold prior to its passage to be brought in equity, and it further provided that such suits should be commenced within six months after its passage.
3. No greater right is vested in an administrator respecting the property of his intestate than the latter might himself have exercised and enjoyed if he were alive.

January 21, 1885.

Vendor and Purchaser. Injunction and Receiver. Ejectment. Homestead. Equity. Administrators and Executors. Before Judge FAIN. Bartow County. At Chambers. December 4, 1884.

Reported in the decision.

ALBERT S. JOHNSON, for plaintiff in error.

J. A. BAKER, for defendant.

BLANDFORD, Justice.

A certain tract of land was set apart as a homestead to Mrs. Denman, as head of a family of minor children; the said land at that time belonged to the estate of her deceased husband, in the year 1870; and during that year, she sold and conveyed this land, so set apart, to the plaintiff in error, with the approval of the ordinary, he paying full value

for the same.   The defendant in error, as administrator of the deceased husband, filed this bill to have this land placed in the hands of a receiver, to hold until the termination of an action of ejectment which he had brought against plaintiff in error.   He alleged in his bill that it was necessary to recover this land to pay debts of his intestate, which had been contracted prior to the year 1868, and that Whitworth was insolvent.   The court below appointed the receiver, and Whitworth excepted, and this is assigned as error.

We think the court committed manifest error in appointing the receiver in this case.   Whitworth was a *bona fide* purchaser without notice, according to the facts of this case; his deed from Mrs. Denman was approved by the ordinary, in accordance with the statute.   The debts and obligations of Mrs. Denman's husband, although in judgment, were no lien upon the land, according to the law of this state, as had been decided at that time by a majority of this court.   We know of no authority which will authorize a court of equity to appoint a receiver of land pending an action of ejectment for the recovery of the same, where the defendant in ejectment was a *bona fide* purchaser of such land; none has been shown us by the zealous advocate for defendant in error.   Again, the act of 1876 (acts page 51) requires all suits for the recovery of property which has been set apart as a homestead and sold prior to the act to be brought in equity, and further provides that such suit shall be commenced within six months after the passage of the act.   This act intended to cover a case like this; it is a quieting act by its provisions.

And further, if the intestate of defendant in error could not recover this land from Whitworth, if he were alive, then the defendant in error, or his administrator, cannot recover this land.   There is no greater right vested in an administrator, respecting the property of his intestate, than the right which the intestate himself might exercise and

enjoy if he were alive. So, upon either or all of these grounds, the judgment or decree appointing a receiver in this case must be reversed.

Judgment reversed.