## 28090. FOX v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION.

DECIDED FEBRUARY 15, 1940. REHEARING DENIED MARCH 6, 1940.

*F. M. Gleason,* for plaintiff.

*Wright & Willingham,* for defendant.

FELTON, J. This case is governed by the rulings in *New York Life Insurance Co.* v. *King,* 28 *Ga. App.* 607 (112 S. E. 383), *Gem City Life Insurance Co.* v. *Stripling,* 176 *Ga.* 288 (168 S. E. 20), and *Pilot Life Insurance Co.* v. *Wise,* 48 *Ga. App.* 540 (173 S. E. 252). These rulings necessarily mean that in all cases the jury may not find the death to have been accidental by the consideration of the fact of love of life, and that in certain cases the court will

conclude as a matter of law that the death was due to suicide where all the evidence and inferences therefrom point to but one conclusion and exclude every reasonable hypothesis except suicide. Whether the burden of proof be on the plaintiff or on the defendant, when the plaintiff's evidence shows conclusively that the death was suicide a nonsuit is proper. In this case the deceased was found leaning over the steering-wheel of his automobile, with his hand around the handle of his pistol, with his finger at least partly on the trigger. The hole in his head was small, and all the witnesses who saw the wound before it was certain that it had not been bathed testified as to powder burns. For the deceased to have accidentally shot himself while putting the gun into the glove compartment, holding it as he had it, was very improbable, if not impossible. If he had had his thumb on the trigger, or had not had the handle in his hand, as one holds a pistol to shoot it, or if the pistol had been out of his hand entirely, we might hold differently. The theory of murder is just as improbable. The only evidence upon which such a conclusion could be based is that there was a slight automobile wreck, and that the deceased was killed with his own pistol at a different place from where the wreck occurred. The *King* and *Stripling* cases, supra, as stated, are direct authority for the decision in the case at bar, which is stronger than those cases so far as the actual facts surrounding the death are concerned. In the *King* case the pistol was not found in the deceased's hand under the circumstances shown here. If this fact had appeared, that decision would probably have been unanimous. The same is true of the *Stripling* case. While in this case we have no evidence of any reason why the deceased would have killed himself, and no evidence of an intention to kill himself, and no facts from which such an intention can be inferred, the conduct of the deceased was indeed strange, and the physical facts surrounding him after his death speak louder than any expressed intention of suicide, or the existence of reasons therefor, would have spoken. Many people with good reasons for so doing do not commit suicide, and many who express an intention to do so do not. Many commit suicide without expressing any intention of doing so, and others do so when there appears no good reason therefor. A number of cases are cited by the plaintiff in support of a contrary conclusion, but every case is so clearly distinguishable on its facts that we do

not deem it necessary to elaborate on the distinctions. They are all cases where the surrounding circumstances of the death did not demand a finding of suicide.

There is no merit in the contention that the insurer's defense of suicide was nullified by provisions of the policy providing against cancellation. The policy did not insure against suicidal death, and such a defense was not an effort to cancel the policy. The court did not err in granting a nonsuit.

*Judgment affirmed. Sutton, J., concurs. Stephens, P. J., dissents.*