32580.   CARROLL, executrix, *et al. v.* HILL.

DECIDED OCTOBER 28, 1949.   REHEARING DENIED DECEMBER 10, 1949.

*Norman I. Miller, Clark Ray,* for plaintiff in error.

*J. Sidney Lanier,* contra.

MacIntyre, P. J. ■ Special ground 2 of the motion for a new trial raises no question for determination. Where no more specific objection was stated at the time certain evidence was offered than "we object to that," such objection is too general and raises no question for determination by this court. *Owen v. State,* 78 *Ga. App.* 558 (2) (51 S. E. 2d, 602), and cases cited.

■ Special grounds 1, 3, and 7 except to the introduction in evidence of certain documents bearing on the validity of the marriage of Willie Sims Hill to John Thomas Hill, and will be treated here together. Under ground 1, objection was made to the introduction in evidence of a decree of divorce from the State of Kentucky, dated May 16, 1912, by judgment nunc pro tunc, naming as plaintiff and defendant therein, Earnest D. Brown and Willie Brown. Prior to the introduction of the decree of divorce, Willie Sims Hill had testified that she had been married to Earnest Brown when she was approximately sixteen years of age. In ground 3, exception is taken to the introduction of a certified copy of a marriage certificate, which records the marriage of John Thomas Hill and Willie Sims Hill as having

■

been solemnized June 23, 1947. Ground 7 complains of the introduction in evidence of a decree of divorce from the Superior Court of Fulton County, dated April 4, 1929, divorcing Willie Sims from George Sims. The applicant testified that she was "the Willie Sims Hill who married John Thomas Hill on the 23rd day of June, 1947, as shown by the marriage certificate." Thus identified, the marriage certificate was properly introduced in evidence. The applicant, her witnesses, the caveators' witnesses, and the executrix-caveatrix herself, all testified to the cohabitation of the applicant with John Thomas Hill. There was, therefore, adequate evidence establishing a ceremonial marriage between the applicant widow and John Thomas Hill, and whether the introduction of the two decrees of divorce was erroneous or not, we think that the caveators cannot be heard to say that their case was harmed by such introduction. Even if we assume that the two decrees should have been excluded from evidence, the burden of proof was on the caveators, under the ruling in *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379), to show in some way the invalidity of the ceremonial marriage between John Thomas Hill and Willie Sims Hill, and the caveators would not have shown from the remaining evidence in the case that she had not obtained the divorces here in question or that the former marriages here in question had not been dissolved by the deaths of the former husbands; and this is true even if it be assumed that, had the decrees of divorce been excluded from evidence, this would have negatived her having obtained divorces from Brown and from Sims, the evidence remaining still not excluding the possibility of their deaths prior to the date of her marriage to Hill. In *Nash* v. *Nash,* supra, it is said: "We are met in this case with two presumptions: one, that the validity of a second [third, in the instant case] marriage is to be presumed, even though a previous marriage of one of the parties be shown; the other, the presumption of the continuance of the previous marriage, and when such appears without more, the second will be held invalid. Since both of these presumptions exist, the question is, which shall prevail in the instant case. In 38 C. J. 1328, § 104, it is stated to be the rule that the burden of showing the validity of the first marriage is on the party asserting it, and, even where this is

established, it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage. . . It is believed that a collision between the two presumptions may be avoided, and that the decisions of this court and of the Court of Appeals of this State on the related subjects may be harmonized by applying the rule that one asserting the invalidity of a marriage has the burden of proof on that issue [citing and discussing various cases]. . . We are confident that, when the facts are examined, it will be found that, when the question is kept in mind as to where rests the burden of proof, there is no conflict in any of them; but that, whenever the issue has been presented, the courts of this State have followed the rule, which is of well-nigh universal application, that, 'One asserting the invalidity of a marriage has the burden of proof on that issue, notwithstanding such burden requires proof of a negative. The reason is that, where a negative is essential to the existence of a right, the party claiming the right has the burden of showing such negative. Where a form of marriage is proved, the burden of showing that the form or ceremony did not include the necessary elements to constitute marriage or that the person performing the marriage was without authority is upon the person asserting the invalidity of the marriage. At least, proof of a duly solemnized marriage places on one denying that the parties thereto became husband and wife the burden of proving the marriage to be invalid.' 35 Am. Jur. 314, § 204." Applying these principles herein discussed to the assignments of error in special grounds 1, 3, and 7 as to the admission of documentary evidence, no reversible error appears.

■ Special ground 4 excepts to the introduction of the record of the entire proceedings in the court of ordinary setting aside the year's support, upon the ground that the proceedings were not valid, since the following notice to the representative of the decedent's estate was not given or signed by the applicant widow personally, but was signed by her attorney: "Leila Carroll, Executrix of the Estate of John Thomas Hill. Notice is hereby given that Willie Sims Hill, Widow of John Thomas Hill, will

make application for a year's support from the estate of John Thomas Hill, 10 days from this date. (Signed) J. Sidney Lanier, Atty. for Willie Sims Hill." It appears that this notice was served on the executrix by the deputy sheriff. His return is as follows: "I have this day served with the within notice Leila Carroll in the case of John Thomas Hill. This 15th day of Sept. 1948. (Signed) L. P. Hudgens, Deputy Sheriff." We think that this objection is without merit. Code (Ann. Supp.) § 113-1002 provides: "on application of the widow, or the guardian of the child or children *or any other person in their behalf,* on notice to the representative of the estate. . . " Surely, if *"any other person in their behalf"* can make the application, then such person may give the notice. See, in this connection, *Mackie, Beattie & Co.* v. *Glendenning,* 49 *Ga.* 367; *Forbes* v. *Anderson,* 54 *Ga.* 93; *Rooke* v. *Day,* 46 *Ga. App.* 379 (167 S. E. 762). The notice signed by the attorney for the widow and served by the deputy sheriff was sufficient, and the court did not err in admitting the proceedings in evidence, on the ground that the notice was insufficient.

Grounds 10, 11, and 14, complaining of portions of the court's charge with regard to the sufficiency of the notice, are all based on the contention that the notice was inadequate, and these grounds are without merit for the reasons stated in the foregoing division of the opinion.

Ground 6 complains of certain allegedly prejudicial remarks made by counsel for the widow. Whether or not the remarks were so prejudicial as to have warranted the grant of a mistrial, the ground shows in and of itself that the court took the necessary corrective measures by ruling out the prejudicial remarks. This ground is not meritorious.

Grounds 5, 8, and 9 complain of certain questions asked by counsel for the widow of the executrix of the decedent's estate on cross-examination. All the questions bore directly or indirectly upon the question of the solvency of the estate, and will be considered here together. Ground 5 complains "because the following material evidence was illegally admitted, as movants contend, by the court to the jury, over the objection of movants, to wit: During the cross-examination of the witness Leila Carroll, one of the movants herein, the latter testified as a result

of applicant's counsel's questioning: 'Q. Did he (Dr. Gill) try to collect from you? A. He only sent me a bill, that's all he said. Q. You had a conversation with him over the phone? A. Yes sir. Q. Did he tell you if you would leave him alone about this he would forget about the bill? A. I think he did.' " This evidence was admitted over this objection: "We object to it. It appears by the record in the case that the deceased has not been dead a year. Under the law the executrix would have no authority to pay it, no matter what her wishes might be." Counsel for the caveators contend: "That one of the issues made by the caveats in said case being that, if said purported return of appraisers should be allowed, it would render the estate totally insolvent; that it appearing by the above-quoted matter that the estate of John Thomas Hill is indebted to said Dr. Gill, the question of counsel for applicant which was in part as follows: ' . . he would forget about the bill?' was a patent effort to make it appear that said creditor would forego the collection of his bill, and to influence the jury into thinking that said bill was no longer to be considered as an obligation of said estate, notwithstanding that the same was a valid and existing debt of said estate and one to be considered by the jury in connection with the aforesaid issue in the case at bar." "It is the duty of the court 'to allow a searching and skillful test of his [the witness's] intelligence, memory, accuracy and veracity. As a general rule it is better that cross-examination should be too free than too much restricted. This is a matter that necessarily belongs to and abides in the discretion of the court.' " *Loomis* v. *State,* 78 *Ga. App.* 153, 157 (51 S. E. 2d, 13). Counsel for the applicant widow, on cross-examination of the executrix of her husband's estate, had a right to give the witness a searching cross-examination as to the assets and liabilities of the estate. Whether the doctor would or would not present his bill to the executrix in time to participate as a creditor was, at least, such a contingent liability as that the court did not err in permitting the introduction of such testimony as to such liability of the estate, over the objection urged.

Special ground 8 complains of the applicant widow's counsel, on cross-examination, asking the executrix: "Did you collect from insurance that you paid premiums on as a part of the ex-

pense?" Whatever this question may mean or whatever information it was intended to elicit, the executrix answered that she did not collect any insurance money as executrix of the estate, that she collected policies on the life of the deceased which were made payable to her personally or individually. We think counsel had a right to sift the witness as to what policies the decedent had on his life made payable to her individually and as to what policies on his life, if any, were payable to his estate and collected by her as executrix. "In cases of doubt as to the admissibility of evidence, the current of authority in this State is to admit it and leave its weight and effect to be determined by the jury." *Gilmer* v. *Atlanta*, 77 *Ga.* 688 (1-a); *Andrews* v. *State*, 118 *Ga.* 1 (43 S. E. 852); *Mayor &c. of Macon* v. *Franklin*, 12 *Ga.* 239.

Special ground 9 complains that the executrix, on cross-examination, was asked the question: "If his bank book showed $575 at the time of his death, can you explain what became of that money?" Counsel for the executrix objected "that the bank book would be the highest and best evidence of what it shows . . there has been no notice to produce"; but the witness answered, "I don't know what became of the $575 in the Auburn Avenue Bank at the time of his death, if it was there." We cannot see, in view of the answer of the executrix, that any harm was done to the case of the caveators by the question and the answer. The form of the question was confusing and should have been required to be reframed if objected to on that ground. The statement of counsel to the court, in arguing the admissibility of the question, was objected to by the executrix's counsel in the following language: "I move to strike that," and the court thereupon ruled, "Yes, the jury will not consider remarks made to the court by the attorneys." In view of this corrective instruction by the court, this ground shows no reversible error. Counsel for the applicant widow also asked the executrix on cross-examination: "Do you know what became of the $75 in the Mitchell Street Bank?" Counsel for the executrix made the same objection to this question that he had made to the question concerning the $575 in the Auburn Avenue Bank, the court overruled the objection, and the witness answered, "I do not." If it had been previously testified that there was $75 in the Mitchell

Street Bank as an asset of the estate, then, of course, counsel could have asked if she knew what became of the $75. If she knew of her own knowledge, she could testify, without violating the parol-evidence rule, how much money belonging to the estate was in the Mitchell Street Bank, irrespective of whether the deceased had a bank book or not. If there was $75 in the bank belonging to the deceased, the executrix could testify what became of it if she knew. If this was the first time any reference had been made to this $75, then the question was improperly framed as to form because it assumed that the witness knew it was there, when there was no testimony to this effect and the issue was confused by this question, "Do you know what became of it?" The question was not direct and positive, was not in proper form, and being so confusing, if it had been objected to on that ground, counsel for the applicant should have been required to reframe it, but the question was not subject to the objection urged against it.

Special grounds 5, 8, and 9 show no reversible error for any of the reasons assigned in those grounds.

■ Special ground 13 assigns error on the refusal to give the following request to charge: "I charge you, gentlemen of the jury, that this case is before you as a de novo investigation, that the caveators are contending in this case that the award of the appraisers and the amount awarded by the Ordinary of Fulton County was excessive; it is your duty to determine what is a reasonable allowance to the applicant for her support and maintenance for a period of twelve months from the date of administration. I charge you further that the proper allowance to be made to the applicant must be determined according to the circumstance and standing of the family previous to the death of John Thomas Hill, due regard being had to the solvency of the estate; that such allowance as you may make should leave other assets remaining in said estate for the benefit of creditors, and also with due regard to the rights of legatees under the will of the deceased, John Thomas Hill." The charge of the court which had been given on this subject is as follows: "I instruct you now that you are not limited by the question of the solvency of the estate. That is a thing that it is the duty of the jury to keep in view, and it is the duty of the appraisers to keep in

view, the solvency or insolvency of the estate. That does not mean that you should not award this money to her, even if you determine that the estate is insolvent, and even though bequests should be reduced by the awarding of this year's support. It is the duty of the jury and the appraisers before to keep in mind the solvency or insolvency of the estate, but you are not restricted to that. And so with you, if you get to the matter of the award being excessive, you should keep in mind two things: First, you will allow support according to the circumstances of the family prior to the death of the testator, and then in doing that, in arriving at what you will do, or what you will allow, you will keep in mind the solvency or insolvency of the estate." It is not entirely clear to us whether the requested charge meant that the jury in any and all events must leave some assets in the estate for the benefit of creditors and legatees, but if it did mean that, the request to charge, of course, was erroneous; for the jury is not limited in its findings by the solvency or insolvency of the estate, but must keep this in mind in making its award. The charge of the court as given was full and fair and more specific in its application than the charge requested, and the court's refusal to give the requested charge furnishes no ground for reversal. *Brown* v. *State*, 195 *Ga.* 430 (1) (24 S. E. 2d, 312).

■ Special grounds 12 and 17 complain of the court's alleged improper charging of the contentions of the parties. Special ground 12 objects to the failure of the court to charge one of the paragraphs of the caveats, and special ground 17 objects to the alleged overemphasis placed on the contentions of the applicant widow and the minimizing of the defenses of the caveators. We think that these two grounds furnish no ground for reversal. The court fully and fairly charged the contentions of the parties at considerable length and then added: "I haven't read every word of these papers [the pleadings]. It is rather difficult, when you have been here listening, to repeat so much. However when you retire, if you are not satisfied that you know what the issues are, then you should read these papers [the pleadings], in order that you may know what the issues are." See *Woodward* v. *Fuller*, 145 *Ga.* 252 (1) (88 S. E. 974); *Hanson* v. *McLendon*, 170 *Ga.* 426, 439 (3) (153 S. E. 46); *Fite* v. *McEntyre*, 77 *Ga. App.* 585, 596 (49 S. E. 2d, 159).

■ We have carefully read and considered the charge of the court several times, and when it is considered in its entirety it stated distinctly the issues which the jury was required to pass upon, embraced the general principles of law applicable to the facts of the case, and was not misleading or confusing, nor did it intimate or express an opinion on the part of the trial court. The criticisms of the charge made in grounds 15, 16, 18, 19, 20, and 25 of the motion for a new trial show no cause for reversal.

■ After the verdict in this case, in passing upon the motion for a new trial, that view of the evidence which is most favorable to the defendant in error must be taken, for every presumption and every inference is in favor of the verdict. The evidence, when so construed, authorized the verdict. *Donahoo* v. *Goldin,* 61 *Ga. App.* 840 (7 S. E. 2d, 820). Grounds 21, 22, 23, and 24 are without merit.

For the reasons stated in the foregoing divisions of the opinion, the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*