21456. WATKINS *et al.*, Executors v. DONALSON, Executrix.

ARGUED NOVEMBER 14, 1961—DECIDED JANUARY 9, 1962.

*David Stripling, Sanders & Mottola, Willis G. Haugen,* for plaintiffs in error.

*Bryan H. Mathews, Jr.,* contra.

ALMAND, Justice. The exception under review is to a judgment overruling a general demurrer to an equitable petition seeking to set aside the allowance of a year's support for the widow by the Court of Ordinary of Coweta County.

In 1947 Jim Henry Broadwater died testate. His will established a life estate for his wife in the home place and furnishings and provided for the sale of this property upon her death or remarriage and for a division of the proceeds between three daughters. The wife, Willie Pierce Broadwater, and a daughter, Dorothy Broadwater, were nominated executrices of the will and they both qualified on June 21, 1947. On April 30, 1948, the wife, Willie Pierce Broadwater, filed an application in the Court of Ordinary, Coweta County, Georgia, for twelve months support. Appraisers were appointed and they set aside the home place and furnishings as a year's support, and their return became the judgment of the court of ordinary on January 3, 1949. Neither executrix was ever dismissed by the court of ordinary. Willie Pierce Broadwater died on October 8, 1960. On February 27, 1961, the surviving coexecutrix, now Dorothy Broadwater Donalson, filed in her representative capacity a petition in the Superior Court of Coweta County, naming the executors of the estate of the deceased coexecutrix, Willie Pierce Broadwater, defendants, and requested that the judgment of year's support be vacated and set aside and that such other and further relief be granted as the court might deem just and proper.

The petition alleged that Dorothy Broadwater Donalson did not receive notice of the filing of the application for year's support by her coexecutrix, Mrs. Willie Pierce Broadwater, that she was not served with any form of notice, and that she had no actual knowledge of the judgment setting aside the year's support

until after the death of Willie Pierce Broadwater. The petition further alleged that this failure to give notice prevented the court of ordinary from securing jurisdiction of her person, and that this failure to give notice constituted fraud. For these reasons petitioner requested that the judgment of the year's support be set aside.

The general demurrer of the defendants raises this question: Under the provisions of *Code Ann.* § 113-1002 requiring the ordinary "on the application of the widow [for an allowance of a year's support out of the decedent's estate] . . . *on notice* to the representative of the estate (if there be one, and if none, without notice), to appoint five discreet appraisers," (italics ours), where the widow, also a coexecutrix of the estate, files an application for a year's support, does her failure to give notice to her coexecutrix of such application render the judgment setting aside a year's support void and of no effect?

■ This court in *Mackie, Beattie & Co. v. Glendenning,* 49 Ga. 367(2), and *Forbes v. Anderson,* 54 Ga. 93, held that it is immaterial who makes application for a year's support. The notice required to be given to the representative of the estate, if there is one, in *Code Ann.* § 113-1002 is not spelled out as to how the notice is to be given, by whom or the time to be given, but notice of some kind or character must be given.

The defendants contend that the plaintiff had notice of the application for a year's support because her coexecutrix, being the applicant, had notice in her capacity as coexecutrix, such notice being notice to the plaintiff. They assert that, under the provisions of *Code* § 113-1504, where more than one executor qualifies "each shall be authorized to discharge the usual functions of an executor," and under the rulings in *Hall v. Carter,* 8 Ga. 388; *Wilkerson v. Wootten,* 28 Ga. 568; *Willson v. Whitfield,* 38 Ga. 269; and *Hosch Lumber Co. v. Weeks,* 123 Ga. 336, (51 SE 439), that the act of one executor in the ordinary acts of administration is the act of all and binding on the estate. They further assert that, when Willie Pierce Broadwater applied for a year's support as an individual, she thereby had notice, and such notice should be imputed to her coexecutrix, the plaintiff.

Though it be the rule that, where the widow, who is also the

sole executrix of her husband's estate, files an application for a year's support, such application is notice to her as executrix (*White v. Wright*, 211 Ga. 556, 87 SE2d 394), the question here is: Where there are two executrices, does the action of one (the widow) in filing an application for a year's support constitute the discharge of the "usual functions of an executor" within the provisions of *Code* § 113-1504? In our opinion the question requires a negative answer.

An executor is not only the personal representative of the decedent (*Whitworth v. Wofford*, 73 Ga. 259), but occupies the position of a trustee for the legatees and devisees. *Peck v. Watson*, 165 Ga. 853 (142 SE 450, 57 ALR 560); and *Morris v. Johnstone*, 172 Ga. 598 (158 SE 308). The required notice of an application for a year's support and the return of the appraisers is not for the benefit of the widow, but for the benefit of persons whose interest would be affected by the judgment. *Hendrix v. Causey*, 148 Ga. 164 (96 SE 180). *Code* § 113-1504 is a codification of the common-law rule which regarded co-executors as an entity, and the act of any one of them respecting the administration of the effects of an estate were deemed to be the acts of all. *Willson v. Whitfield*, 38 Ga. 269, 283, supra. As codified, *Code* § 113-1504 provides that "each shall be authorized to discharge the usual functions of an executor." In the instant case Willie Pierce Broadwater in applying for a year's support did so in her individual capacity as the widow of the testator. In so doing she was not discharging "the usual functions" of an executor or performing an act as an executrix respecting administering the effects of the estate. Her acts were adverse to the interests of the devisees and legatees. It cannot be said that her act in her individual capacity was an act of both executrices and was binding on her coexecutrix.

We hold that, where there are two executrices of an estate, one of whom is the widow of the testator and applies for a year's support out of the estate, notice of such application, as provided in *Code* § 113-1002, must be given to her coexecutrix, and when not so given, the subsequent allowance is void.

■ For sufficient cause with proper parties before it, a court of equity has jurisdiction in a direct proceeding to set aside a

judgment rendered by the court of ordinary in a year's support proceeding. *Johnson v. Bogdis*, 205 Ga. 535 (54 SE2d 620) ; and *Hogg v. Hogg*, 206 Ga. 691 (58 SE2d 403). A court of equity may entertain a direct proceeding to set aside a probate of a will in solemn form where it is alleged that certain heirs at law of the testatrix were not served with personal notice of the probate proceeding, did not waive service, and had no knowledge of the proceedings. *Foster v. Foster*, 207 Ga. 519 (4) (63 SE2d 318). In this case the executors of Willie Pierce Broadwater, who procured the award of a year's support and the executrix of the estate, out of which the award was made are parties to this action. It is alleged that the notice of the application as provided by law, *Code* § 113-1002, was not given, and that the plaintiff had no notice of the award until after the death of Willie Pierce Broadwater. A court of equity thereby had jurisdiction to entertain this action.

It was not error to overrule the demurrers.

*Judgment affirmed. All the Justices concur.*